```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
MARK ORLANDO,

                Petitioner,           MEMORANDUM & ORDER
                                      11-CV-3992 (JS)
        -against-

ERIC T. SCHNEIDERMAN,

                Respondent.
----------------------------------X
APPEARANCES:
For Petitioner:    Mark Orlando, Pro Se
                   05A4730
                   Clinton Correctional Facility
                   P.O. Box 2001
                   Dannemora, New York 12929

For Respondent:    No appearance
```

SEYBERT, District Judge:

Petitioner Mark Orlando, appearing pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court has conducted an initial consideration of this Petition and, for the reasons set forth below, has determined that the Petition appears to be time-barred by the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  The Court directs Petitioner to show cause within thirty (30) days of the entry of this Memorandum and Order why the Petition should not be dismissed as time-barred.

## BACKGROUND

Petitioner was convicted in the Supreme Court of the State of New York, Nassau County, of Murder in the second degree

and he was sentenced to twenty-five years to life imprisonment on August 18, 2005. Petition at ¶¶ 1-5. On April 28, 2009, the Appellate Division affirmed the conviction, People v. Orlando, 61 A.D.3d 1001, 878 N.Y.S.2d 185 (2d Dep't 2009), and the New York Court of Appeals denied leave to appeal the decision of the Appellate Division on October 29, 2009, People v. Orlando, 13 N.Y.3d 837, 918 N.E.2d 968, 890 N.Y.S.2d 453 (2009). Petitioner did not file a writ of certiorari to the United States Supreme Court. Petition at ¶ 18.

Petitioner also filed a writ of error corum nobis that was denied by the Appellate Division on June 7, 2011, People v. Orlando, 85 A.D.3d 823, 925 N.Y.S.2d 334 (2d Dep't 2011). Absent from the Petition is the date that Petitioner filed his writ of error corum nobis. Petition at ¶ 11(3). In addition, Petitioner claims to have another writ of error corum nobis now pending in the Appellate Division. Petition at ¶ 15.

## DISCUSSION

With the passage of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress set a one-year statute of limitations for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to a state court conviction. 28 U.S.C. § 2244(d)(1). The one-year period runs from the date on which one of the following four events occurs, whichever is latest:

(A) the date on which the judgment became

2

>final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).  Under subsection (A),[1] the instant Petition appears untimely.  Petitioner's conviction became final on or about January 29, 2010, upon expiration of the 90-day period for seeking a writ of certiorari.  Saunders v. Senkowski, 587 F.3d 543, 549-49 (2d Cir. 2009); Williams v. Artuz, 237 F.3d 147, 150-51 (2d Cir. 2001).  In order to be timely, this Petition should have been filed on or before January 29, 2011.  Instead, this Petition dated August 15, 2011, was filed after the one-year limitations period had already expired.  Therefore, unless the Petitioner can show that the one-year statute of limitations period should be tolled, the Petition is barred by 28 U.S.C. § 2244(d) as untimely.

---

[1] Petitioner does not state any facts to conclude that subsections (B)-(D) are applicable.

I.  Tolling

    A.  Statutory Tolling

In calculating the one-year statute of limitations period, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted." 28 U.S.C. § 2244(d)(2). The post-conviction proceeding, however, does not start the one-year period to run anew. Section 2244(d)(2) merely excludes the time a post-conviction motion is under submission from the calculation of the one-year period of limitation. Smith v. McGinnis, 208 F.3d 13, 16 (2d Cir. 2000) (per curiam). "[A] state-court petition is 'pending' from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures." Bennett v. Artuz, 199 F.3d 116, 120 (2d Cir. 1999); see also Carey v. Saffold, 536 U.S. 214, 219-21 (2002).

Here, Petitioner filed two post-conviction motions: (i) a Petition for an writ of error coram nobis that was denied on June 7, 2011, see People v. Orlando, 85 A.D.3d 823, 925 N.Y.S.2d 334 (2d Dep't 2011), and (ii) a still pending writ of error corum nobis. Petitioner does not provide the date he filed either of the writs of error corum nobis in state court. See Petition at ¶¶ 11(3), 15. The Court, therefore, cannot determine how much, if any, tolling is available based on the writs of error corum nobis.

4

B. <u>Equitable Tolling</u>

The limitations period may also be equitably tolled. <u>Holland v. Florida</u>, __U.S.__, 130 S. Ct. 2549, 2560 (June 14, 2010); <u>Smith</u>, 208 F.3d at 17 (equitable tolling is available if petitioner can demonstrate that "extraordinary circumstances prevented him from filing his petition on time," and that he "acted with reasonable diligence throughout the period he seeks to toll"). While Petitioner provides a statement in support of the timeliness of this Petition, <u>see</u> Petition at ¶ 18, in light of his <u>pro se</u> status, the Court provides him another opportunity to demonstrate whether equitable tolling should apply to this Petition.

Petitioner is advised, however, that ignorance of the law is not sufficient to warrant equitable tolling. <u>Lizaide v. Kirkpatrick</u>, No. 09-CV-5038, 2009 WL 4110296, at *2 (E.D.N.Y. Nov. 24, 2009) (citing <u>Worsham v. West</u>, No. 05-CV-0530, 2006 WL 2462626, at *2 (S.D.N.Y. Aug. 23, 2006) ("Mere ignorance of the law does not qualify as an extraordinary circumstance warranting equitable tolling in habeas cases.")); <u>Francis v. Miller</u>, 198 F. Supp. 2d 232, 235 (E.D.N.Y. 2002) (ignorance of the law and legal procedure is not so exceptional as to merit equitable tolling); <u>Wilson v. Bennett</u>, 188 F. Supp. 2d 347, 354 (S.D.N.Y 2002) ("lack of legal knowledge cannot excuse a delay in filing a petition.").

<u>CONCLUSION</u>

Accordingly, the Court directs Petitioner to show cause

5

by written affirmation,[2] within thirty (30) days from entry of this Memorandum and Order, why the Petition should not be dismissed as time-barred by the AEDPA's one-year statute of limitations. Day v. McDonough, 547 U.S. 198, 209 (2006); Acosta v. Artuz, 221 F.3d 117, 124 (2d Cir. 2000).

In the affirmation, Petitioner must provide the date he filed each of the writs of error corum nobis filed in state court. In addition, Petitioner should present any facts which would support equitable tolling of the period of limitations, if applicable.

No response or answer shall be required at this time from respondent and all further proceedings shall be stayed for thirty (30) days or until Petitioner has complied with this Order. If Petitioner fails to comply with this Order within the time allowed, the instant Petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: September __27__, 2011
       Central Islip, New York

---

[2] An affirmation form is attached to this order for Petitioner's convenience.

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
MARK ORLANDO,

                Petitioner,                    PETITIONER'S
                                               AFFIRMATION
    -against-                                  11-CV-3992 (JS)

ERIC SCHNEIDERMAN,

                Respondent.
----------------------------------X
```

MARK ORLANDO, appearing pro se, makes the following affirmation under the penalties of perjury: I am the Petitioner in this action and I respectfully submit this affirmation in response to the Court's Order dated _____. The instant Petition should not be time-barred by the one-year period of limitation because:

_____

_____

_____

_____

_____

_____

_____

_____

_____

7

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____ [YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY].

In view of the foregoing, it is respectfully submitted that the instant Petition should be permitted to proceed.

DATED: _____       _____
                                Signature & Identification Number

                                _____
                                Address

                                _____

                                _____
                                City, State & Zip Code