1    STATE OF NEW YORK :   NASSAU COUNTY

2        SUPREME COURT PART 11

3    - - - - - - - - - - - - - - - - - - -X

4    THE PEOPLE OF THE STATE OF NEW YORK,    SCI/IND. NO.
                                                167N-05
5                    -against-
                                                TRIAL
6    MARK ORLANDO,
                              Defendant.

7    - - - - - - - - - - - - - - - - - - -X

8                              262 Old Country Road
9                              Mineola, New York
                               June 1, 2005
10

11

12   B e f o r e:

13             HON. DAVID P. SULLIVAN, Supreme Court Judge

14   A p p e a r a n c e s:

15

16        HON. DENIS DILLON
             District Attorney, Nassau County
17           By: ROBERT T. HAYDEN, ESQ.
             Assistant District Attorney
18

19
          DENNIS LEMKE, ESQ.
20           Attorney for Defendant
             114 Old Country Road
21           Mineola, N.Y.  11501

22

23
                              Mary Ocskai
24                            Official Court Reporter

25



Proceedings

1          THE CLERK:  Case on trial, indictment 167N-05,

2     People versus Mark Orlando.

3          Appearances, please, for the People.

4          MR. HAYDEN:  Robert T. Hayden for the People,

5     Your Honor.

6          THE CLERK:  For the defendant.

7          MR. LEMKE:  For Mr. Orlando, Dennis Lemke, 114

8     Old Country Road, Mineola.

9          Defendant's ready, Your Honor.

10          THE CLERK:  Let the record reflect the

11     presence of Mr. Orlando.

12          People ready?

13          MR. HAYDEN:  Ready, Your Honor.

14          THE CLERK:  Prospective jurors are not in the

15     courtroom at this time.

16          THE COURT:  Any preliminary matters at this

17     time before we bring in the jury panel?

18          MR. HAYDEN:  I would present to the Court as a

19     court exhibit a list of 109 Rosario items given to

20     Mr. Lemke yesterday afternoon.  That would be May 31st.

21          MR. LEMKE:  Acknowledge receipt, Your Honor.

22          THE COURT:  Mark that Court exhibit IV.

23          THE CLERK:  Court exhibit IV.

24          THE COURT:  For the record, Mr. Lemke, also we

25     have Court exhibit III which is a prospective witness

Proceedings

1        list by the People.

2                THE COURT:  Court's exhibit III is the

3        prospective witness list by the People.

4            Did you get a copy of same, Mr. Lemke?

5                MR. LEMKE:  Yes.

6                THE COURT:  Thank you.

7                THE CLERK:  Ready for the jurors?

8                MR. LEMKE:  Yes.

9                MR. HAYDEN:  Yes.

10                THE CLERK:  Case on trial, 167N-2005, the

11        People of the State of New York versus Mark Orlando.

12            People ready to proceed?

13                MR. HAYDEN:  People ready, Your Honor.

14                THE CLERK:  Defendant ready?

15                MR. LEMKE:  Defendant ready, Your Honor.

16                THE COURT:  Good morning, ladies and

17        gentlemen.  Probably notice outside the courtroom the

18        name of Judge Calabrese.  I am not Judge Calabrese.  I

19        am Judge Sullivan.  I am borrowing his courtroom for the

20        process of picking a jury.

21            What we're going to do at this point is you all are

22        going to be sworn in by my clerk, Mr. Paoli.  Then after

23        that he is going to randomly pick fourteen names out to

24        sit up here in the jury box.  I don't want you to be

25        afraid of that.  Because your name's picked, you come up

Proceedings

1    here in this jury box, doesn't necessarily mean you will

2    sit on this trial.  Okay.  I make a promise to you that

3    all of you will be treated with the utmost respect and

4    consideration by this Court.

5         Mr. Paoli.

6              THE CLERK:  Prospective jurors, please rise,

7    raise your right hand.

8         Do you solemnly swear to answer truthfully to all

9    questions asked of you relative to your qualifications

10   to serve as trial jurors in this action so help you

11   God?

12             Please respond I do.

13             (Whereupon, the prospective jury panel collectively

14   answered in the affirmative.)

15             THE CLERK:  Have a seat.

16             THE COURT:  I am going to fill the box in a

17   minute.  Give some preliminary instructions to you so

18   you know what is going on here.  Again I welcome you to

19   the Nassau County courts.  My name is Judge David

20   Sullivan.  You are about to be selected as jurors.  I

21   will explain briefly what the trial involves and the

22   roles of the judge and the jury.  We also determine

23   which of you will actually sit as jurors in this case.

24        The trial which is about to commence is a criminal

25   action entitled People of the State of New York against

MO

Proceedings

1   Mark Orlando who is called the defendant.   The

2   indictment reads and charges the defendant by this

3   indictment, accusing the defendant, Mark Orlando, of the

4   crime of Murder in the Second Degree, in violation of

5   Section 125.25(1) of the Penal Law of the State of New

6   York committed as follows:

7       The defendant, Mark Orlando, on or about the third

8   day of December, 2004, in the County of Nassau, State of

9   New York, individually and aiding and a abetting and

10  being aided and abetted by Herva Jeannot with intent to

11  cause the death of Robert Calabrese, caused the death of

12  Robert Calabrese.

13      A trial is the process which determines if the

14  defendant is guilty or not guilty of the charge I just

15  read.   In that process, those of you who are selected as

16  jurors, and I as judge, perform separate functions.   As

17  jurors, you are going to be called upon to determine

18  whether or not the evidence which you hear and see in

19  this case, establishes the defendant's guilt beyond a

20  reasonable doubt.   In order to do this, at the end of

21  the trial, you will have to evaluate all the evidence

22  and determine what evidence that you have heard from the

23  witnesses and seen as exhibits is credible and what it

24  all means.   This is called finding the facts.   That will

25  be your function alone.   I will find no facts in this

Proceedings

1   trial.  Your ultimate decision is called a verdict.

2   Your verdict will be either guilty or not guilty.

3        The attorneys will present the evidence usually by

4   calling witnesses, and may suggest in their closing

5   arguments that you draw certain conclusions from the

6   evidence.  You're not bound by what the attorneys say.

7   Only you can decide what really happened and the verdict

8   as to the count in the indictment.

9        As judge, I make no determination of guilt or lack

10  of guilt.  My role at trial is to ensure that you reach

11  your verdict in accordance with the applicable law as I

12  will explain it to you.  In order for the People and the

13  defendant to receive a fair trial, I may have to rule on

14  questions concerning the conduct of the trial.  Those

15  rulings have nothing to do with whether the defendant is

16  guilty or not guilty.

17       I may also rule on the questions concerning what

18  evidence you may consider, and for what purpose.  When I

19  make a ruling concerning whether you may hear some

20  testimony or see some exhibit which is offered as

21  evidence, I will be ruling on whether or not you're

22  permitted to hear and see it as a matter of law.

23       Likewise, if I instruct you to disregard something

24  you might have heard, I will do so because that is the

25  law.  None of my rulings should be taken by you as any

Proceedings

1    indication at all of whether you should believe or not

2    believe what is offered as evidence, or that the

3    defendant is guilty or not guilty.  That is solely for

4    you to determine.

5         You must accept the law as I give it to you if the

6    defendant and the People are to have a fair trial to

7    which they are both entitled.  The People are

8    represented by Denis Dillon, District Attorney of Nassau

9    County.  Assistant District Attorney Robert Hayden will

10   be trying this case on his behalf.

11            MR. HAYDEN:  Good morning, everyone.

12            THE COURT:  The defendant is represented by

13   Mr. Dennis Lemke.

14            MR. LEMKE:  Hello.

15            THE COURT:  The fact that this action is

16   brought in the name of the People, or that evidence is

17   presented by a public official, does not in any way

18   indicate that the public wants a specific verdict.  The

19   People of this state are served by whatever verdict is

20   justified by the evidence.

21        You have heard reference to the fact that the

22   defendant was indicted by a Grand Jury.  This too is not

23   and must not be taken as any evidence of guilt.  An

24   indictment is simply a piece of paper by which a

25   defendant is accused of a crime.  Remember, the

Proceedings

1    defendant is presumed innocent.   Only you, as members of

2    the trial jury, will determine whether the defendant is

3    guilty or not guilty.

4         Serving on a jury is a vital function for citizens

5    under our system of law.   It is also a very great

6    responsibility.   To accord the defendant and the People

7    a fair trial, you must, as a juror, be free from any

8    preconceived notions, sympathies or prejudice that might

9    prevent you from returning a fair and just verdict.

10   Your verdict must be based solely on the evidence or

11   lack of evidence.

12        The first order of business will be to talk to you

13   as prospective jurors.   I will ask you some questions.

14   After I finish the attorneys for both parties will ask

15   some questions as well.   The purpose of these questions

16   is not to embarrass you or discover any personal details

17   about your lives.   It is simply to determine who will

18   ultimately sit as jurors in this case.

19        A number of you will not be selected, but this is

20   not a reflection on you either as a citizen or as a

21   person.   This simply is a decision reached during the

22   selection process you're not to sit on this particular

23   case.

24        Now, what will happen now; what I have indicated,

25   when you first came in, so that was sort of the general

Proceedings

1   rules for you to be aware of.  Now Mr. Paoli, my clerk,

2   will randomly pick fourteen names for you to come up

3   here.  You hand your forms to the officer and follow

4   their directions.

5        Thank you.

6            THE CLERK:  Ladies and gentlemen, as you hear

7   your name called, I'd like you to please approach the

8   podium this way using the swinging gate on the left side

9   of the courtroom.  Bring your personal items with you,

10  pocket books, coats, any hand bags you may have.

11  Anything you brought with you, bring that into the jury

12  box.  Use the swinging gate on the left side of the

13  courtroom.

14       If you could, have your questionnaires broken down

15  into the four parts before you hit the podium here.  It

16  will speed things up a little bit.  Okay.

17       The following juror step up.

18       Taylor Stein, S-T-E-I-N.

19       Patricia Bologna, B-O-L-O-G-N-A.

20       Step up.

21       Regina Yuen, Y-U-E-N.

22       Thelma Johnson, J-O-H-N-S-O-N.

23       Aileen Nathan, N-A-T-H-A-N.

24       Sanford Effron, E-F-F-R-O-N.

25       Allison Garballo, G-A-R-B-A-L-L-O.

Proceedings

1        Marie Hyppolite, H-Y-P-P-O-L-I-T-E.

2        Erica Valentino, V-A-L-E-N-T-I-N-O.

3        Sally Turril Barnes, T-U-R-R-I-L B-A-R-N-E-S

4        Charles Fraser, F-R-A-S-E-R.

5        Bella Saperstein, S-A-P-E-R-S-T-E-I-N.

6        Lorraine Petschauer Poggis, P-E-T-S-C-H-A-U-E-R

7    P-O-G-G-I-S.

8        David Staloff, S-T-A-L-O-F-F.

9            THE COURT:  Before we continue can we have

10    counsel at the BENCH, please.

11        (Whereupon, there was a bench conference held off

12    the record.)

13            THE COURT:  Again, good morning, ladies and

14    gentlemen.

15        What will happen, my questions will be directed at

16    the people in the jury box, but I just ask everybody to

17    pay attention.  Ultimately it could be you in the box.

18    And throughout the course of the day you would have

19    heard all the questions and you would know to let us

20    know before going through the process, if you heard

21    there's a problem.

22        Just so you know, when I indicated we're using

23    Judge Calabrese's courtroom, the victim in this case has

24    no relationship to Judge Calabrese.

25        It has also been brought to our attention,

Proceedings

1    potential juror number seven, okay, based on what has

2    been brought to the Court's attention, both sides

3    consent to her stepping out.

4             MR. LEMKE:  Yes.

5             MR. HAYDEN:  Yes.

6             THE CLERK:  That is Allison Garballo.

7             THE COURT:  Fill the seat.

8             THE CLERK:  The following prospective juror

9    please step up with your questionnaire and all your

10   belongings.

11        Cornelius Ket, K-E-T.

12             THE COURT:  Ladies and gentlemen, we're going

13   to ask you some questions.  If there's anything that

14   touches on some subject that is personal in nature to

15   you, you feel uncomfortable talking, you want to let us

16   know, you can ask to step up here and we will do it

17   privately.  Okay.  That applies to everybody.

18        Again, I reiterate, we're not here to embarrass

19   you.  We appreciate your taking time out of your busy

20   lives to come here and fulfill this obligation.

21        I am going to go through some general questions,

22   and we will see if there's any problems, and basically

23   this process is, I will give you, I will ask some

24   general questions, and give you some basic principles,

25   and if you're okay with what you hear so far, then that

MO

Proceedings

1    will give the attorneys an opportunity then to further

2    question each of you, and then make determinations on

3    who everybody feels is someone that can sit on this case

4    and be fair and impartial.

5         That is basically the process we're going to go

6    through now.  Bear in mind, I know it's headed into the

7    summer.  We anticipate this trial would be over two

8    weeks from this Monday.  That would be our limit.  That

9    is basically the time schedule.  So you know.  And, we

10   tell you that up front so you could realize that we ask

11   you just to be up front with us and don't try to get out

12   of jury duty, you know, just to get out of it because

13   what happens is, at least here you will know the basics

14   about the case, the time.  Whereas if you're discharged

15   from this jury, that doesn't mean you go home.  You go

16   back to the jury room and you can be sent out to another

17   case and, you know, it could be longer, whatever.  So, I

18   just want you to realize that.

19        And I will start again, I just told you the length

20   of the trial.  If there's anyone who has any hearing

21   impediments or medical conditions that would, you know,

22   not enable them to sit on the trial, you will bring that

23   to my attention.

24        If there's any family or business emergencies, as I

25   said, no way trying to cause any hardship to you, your

Proceedings

1    family, I am not going to try to twist your arm to stay

2    here.  I want you to want to be here.  And then we will

3    make a decision who can sit on this particular case.

4         Anyone in the last four years, when I, I will ask

5    general questions, you can raise your hands if it's

6    applicable to you, you want to say something to me in

7    response to what I am saying.  Okay.

8         Anyone in the last four years sat on jury duty

9    either in the state or federal court?

10        Now I told you we anticipate the trial will be over

11   within two weeks from this upcoming Monday.  Anyone have

12   any problem with that, the length of the trial?

13        Yes, sir.  If you can just state your name.

14             A PROSPECTIVE JUROR:  Sanford Effron.

15             THE COURT:  Yes, sir.

16             A PROSPECTIVE JUROR:  May I approach the

17   bench?

18             (Whereupon, the following takes place at

19   side-bar.)

20        A PROSPECTIVE JUROR:  I was recently unemployed two

21   weeks ago, and I need to get a job.  So, I have, I am

22   interviewing.  I have set this week aside.  I have an

23   interview next Monday and one the following week.  This

24   is really --

25             THE COURT:  On consent because I don't want

MO

Proceedings

1    you worried about that.

2              A PROSPECTIVE JUROR:  I got to pay the rent.

3    I got to get a job.

4              THE COURT:  I hear you.

5              MR. LEMKE:  Consent.

6              MR. HAYDEN:  Yes, Your Honor.

7              THE COURT:  Good luck.

8              (Whereupon, the following takes place in open

9    court.)

10             THE CLERK:  Prospective juror Brian Fink,

11   F-I-N-K.

12             THE COURT:  Anyone else have a problem with

13   the length?

14        Yes, ma'am.

15             A PROSPECTIVE JUROR:  I start an internship

16   program on Monday and I don't know if--

17             THE COURT:  You start this Monday?

18             A PROSPECTIVE JUROR:  Yes.

19             THE COURT:  Okay.  Consent?

20             MR. HAYDEN:  Yes.

21             MR. LEMKE:  Yes.

22             THE COURT:  That is Miss Stein:

23             A PROSPECTIVE JUROR:  Yes.

24             THE COURT:  Thank you.  You can step down.

25        Someone else in the front row?

Proceedings

```
 1                 Yes, ma'am.
 2                 A PROSPECTIVE JUROR:  Yuen.  I work with
 3      special ed. students in school.  She needs my help.  I
 4      don't know if I can stay that long.
 5                 THE COURT:  Any objection?
 6                 MR. LEMKE:  No.
 7                 MR. HAYDEN:  No.
 8                 THE COURT:  As I said, bear in mind, that
 9      leaving this room sends you back to the commissioner of
10      jurors.  You have an idea here of the time frame.  That
11      two weeks outer limit.  I intend to move this case
12      along.
13            Someone else in the front row?
14                 A PROSPECTIVE JUROR:  I just started an
15      internship last week.  So, I really should be there.
16                 MR. HAYDEN:  Consent.
17                 MR. LEMKE:  Consent.
18                 THE COURT:  That is Mr. Fink.  Thank you.
19                 Miss Hyppolite.
20                 A PROSPECTIVE JUROR:  I am a registered
21      nurse.  Only nurse working on my shift at night.  I
22      don't think I can stay out that long.
23                 THE COURT:  Okay.  Consent.
24                 MR. HAYDEN:  Yes.
25                 MR. LEMKE:  Yes.
```

Proceedings

```
1              THE COURT:   Thank you.

2              A PROSPECTIVE JUROR:   Thank you.

3              THE COURT:   Did you have your hand up, ma'am?

4    Two weeks a problem?

5              A PROSPECTIVE JUROR:   Yes.   I am a student in

6    Nashville, Tennessee.   I will be going back on June

7    eleventh.

8              THE COURT:   That is a problem.   Good luck.

9    Thank you.   You're Miss Valentino.

10             A PROSPECTIVE JUROR:   Yes.

11             THE COURT:   Take care.

12        Ma'am.

13             A PROSPECTIVE JUROR:   I was scheduled for a

14   new clearer stress test a week from this Friday.   Shall

15   I cancel it?

16             THE COURT:   Well, I want you -- do you feel

17   comfortable sitting here?

18             A PROSPECTIVE JUROR:   I could do it.

19             THE COURT:   Why don't we do this.   We will

20   keep going through the process, if it's okay with you,

21   and we will see.   You may not be picked for this case

22   anyway.

23             A PROSPECTIVE JUROR:   Fine.

24             THE COURT:   In that okay with you?

25             A PROSPECTIVE JUROR:   Fine.
```

27

Proceedings

1            THE COURT:  I put your health and medical

2       stuff first.

3            A PROSPECTIVE JUROR:  Fine.

4            THE COURT:  Anyone else with the two weeks?

5       Can

6         we fill the box again.

7            THE CLERK:  Certainly, Judge.

8       Thank you, ma'am.

9       Seat number one, Dana Damelio, D-A-M-E-L-I-O.

10           THE COURT:  Just so you know, I have to get

11      used to this microphone, these are interns in the court

12      system.  I want you to know, see them, some of them

13      sitting over here, whatever.  Okay.

14           THE CLERK:   Charles Lanci, L-A-N-C-I, seat

15      number three.

16           Nicole Girardin, G-I-R-A-R-D-I-N.

17           Glen Andrews, A-N-D-R-E-W-S, seat number

18      eight.

19       Raffat Hyat, H-Y-A-T, seat number nine.

20           THE COURT:  Just so it's in your mind and you

21      can plan accordingly, we will not be sitting on this

22      case, if you're chosen, on Monday, June sixth.  Just so

23      you know, you have doctor's appointment that day or

24      something.

25           Any of the people that just took their seat have a

MO

Proceedings

1    problem with the time?

2        Yes, ma'am.

3        A PROSPECTIVE JUROR:  I am missing a training

4    course to be here today.  So, training course for my

5    job.  Make up is fifteenth, sixteenth and seventeenth.

6        THE COURT:  You're Miss Damelio.

7        Consent?

8        MR. HAYDEN:  Yes.

9        MR. LEMKE:  Consent, Your Honor.

10       THE COURT:  Good luck.

11       Anyone else with the time?  Bear in mind, all

12   this is going to do, if we get through my general

13   questions, is enable the attorneys to come up and ask

14   questions of you.  So, if something comes up, or

15   something's on your mind, you're not sure, you will have

16   more opportunity to discuss that.  Okay.

17       Mr. Paoli.

18       THE CLERK:  Fill the seat?

19       THE COURT:  Yes, please.

20       THE CLERK:  Arshark Hamsch, H-A-M-S-C-H.

21       THE COURT:  Sir, any problem?

22       A PROSPECTIVE JUROR:  May I approach the

23   bench?

24       THE COURT:  Yes, sir.

25       (Whereupon, the following takes place at

MO

Proceedings

```
1    side-bar.)
2              A PROSPECTIVE JUROR:  Your Honor, I am
3    planning on a trip June twenty-fourth, to go back to my
4    country after twenty-three years.
5              THE COURT:  Don't want you to stress about
6    that.
7         Consent?
8              MR. HAYDEN:  Yes.
9              MR. LEMKE:  Yes.
10             THE COURT:  Have a safe trip.
11             Fill the seat.
12             THE CLERK:   Carol Siccarello,
13   S-I-C-C-A-R-E-L-L-O.
14             THE COURT:  Apologize if we mispronounce your
15   name.  We do the best we can.
16        Ma'am, any problems with what you have heard so
17   far?
18             A PROSPECTIVE JUROR:  No.
19             THE COURT:  Okay.  Thank you.
20        The jury will not be sequestered during
21   deliberations.  You will be permitted to return home in
22   the evening.  I will instruct you on the rules you will
23   follow at that time.
24        Can everybody hear me without the mike?  Okay.
25        Again, please do not seek to avoid jury service
```

Proceedings

1  merely because it's inconvenient.  Our system of trial

2  by jury is one of the most basic elements of our whole

3  system of justice and it depends upon citizens being

4  willing to sacrifice their time when called upon to

5  serve.

6      My first series of questions will go through about

7  12:30.  Then I will break for lunch.

8      My first series of questions will concern your

9  background in order to determine if there's anything

10 which might prevent you from deciding this case solely

11 on the evidence presented.  I will start by asking them

12 of all of you.  Your answers will not necessarily

13 qualify or disqualify you, but an affirmative yes or

14 even a maybe will probably mean that either I or the

15 attorneys will ask you more questions individually with

16 respect to that.  If you wish to answer yes or maybe,

17 please raise your hand as soon as I complete the

18 question.  If you do not understand the question, say

19 so, just let me know.  If you do not raise your hand, I

20 will assume your answer is no.

21     The defendant, defense attorney and the Assistant

22 District Attorney have already been introduced to you.

23 Do any of you know either the defendant, his lawyer, or

24 the Assistant District Attorney?

25     The following witnesses may be called during the

Proceedings

1  course of the trial.  I am going to cite them for you,
2  and if anybody feels they may know someone on this list,
3  let us know.  Okay.
4      Robert Calabrese, Sr.
5      Robert Ianfolla.  Both from Long Beach.
6      Tommy Flores from Long Beach.
7      Barbara Diamant, Long Beach.
8      Detective David Nystrom.
9      Police Officer Peter Vozzo.
10     Ambulance Medical Technician Dan Brooks.
11     Dr. Brian O'Reilly.
12     Dr. Michael DeMartino.
13     Frank Walker.
14     Brian Atkinson.
15     Kathleen Cardineau, Island Park.
16     Charles Costello.
17     Police Officer Steve Loschiavo.
18     Detective Jim McGinn.
19     Detective Bill Brosnan.
20     Detective Jim Cereghino.
21     Detective John McHugh.
22     Sergeant Greg Magnifico.
23     Police Officer Norman McCloy.
24     Detective Ken Strigaro.
25     Detective Scott Kovar.

Proceedings

1          Detective Michael Nigro.

2          Detective Michael Kuhn.

3          Detective Bob Shaw.

4          Detective Jim DiBeneditto.

5          Ken Carter.

6     Vincent Buscemi, Long Beach Police Department.

7          Representative from Cingular Wireless.

8          That is the potential list.  Not meaning

9     necessarily that each and every one of them will be

10    called.  But there's a potential that they may be.

11         Anybody of the fourteen in the box here recognize

12    anybody on that list?  No.

13         Does anyone know anything about this case from what

14    you have heard so far?

15         Do you or anyone close to you such as a family

16    member, relative or friend work for a law enforcement

17    agency such as the police department, the District

18    Attorney's Office, or any federal law enforcement

19    agency?

20         Yes, ma'am.  Number one.

21         A PROSPECTIVE JUROR:  My husband's a New York

22    City police lieutenant.

23         THE COURT:  New York City?

24         A PROSPECTIVE JUROR:  Police lieutenant.

25         THE COURT:  Okay.  You understand there will

MO

Proceedings

```
 1        be police officers testifying at this trial.  Do you
 2        realize that you'd have to judge a police officer as any
 3        other witness, giving them no greater or lesser
 4        credibility because they are a police officer?
 5                  A PROSPECTIVE JUROR:  Yes.
 6                  THE COURT:  Okay.  You feel you could be fair
 7        and impartial in judging the testimony of the witnesses
 8        in this case.
 9                  A PROSPECTIVE JUROR:  Yes.
10                  THE COURT:  Okay.  Okay.  Thank you.
11              Anyone else in the front row?  Number four.  Yes,
12        ma'am.  Miss Johnson.
13                  A PROSPECTIVE JUROR:  Yes.  My sister works
14        for the Unified Court System.
15                  THE COURT:  Here in Nassau or where.
16                  A PROSPECTIVE JUROR:  In --
17                  THE COURT:  Where.
18                  A PROSPECTIVE JUROR:  Long Island City.
19                  THE COURT:  I don't think there will be any
20        court officers testifying here, or I don't know what
21        capacity she works for the Unified Court System.
22                  A PROSPECTIVE JUROR:  As a stenographer.
23                  THE COURT:  Do you -- will that have any
24        impact on you being able to be fair and impartial in
25        this case?
```

MO

Proceedings

1            A PROSPECTIVE JUROR:   No.

2            THE COURT:   Okay.

3            THE COURT:   Anyone else in the front?

4        In the back row?

5        Your name, please, number nine.

6            A PROSPECTIVE JUROR:   Raffat Hyat.

7            My daughter interned District Attorney's

8    Office in Brooklyn and I have worked for customs.

9            THE COURT:   Okay.   Now, they will be,

10    obviously this case is being prosecuted by an Assistant

11    District Attorney, and they'll be law enforcement

12    personnel testifying at this case.   Will the fact that

13    you have these family members in these positions affect

14    you from being fair and impartial, and judging the

15    witnesses as they appear here in court and their

16    credibility?

17            A PROSPECTIVE JUROR:   No.

18            THE COURT:   No.   You think you can be fair and

19    impartial?

20            A PROSPECTIVE JUROR:   Yes.

21            THE COURT:   Thank you.

22        Anyone one else in the back row have anybody in law

23    enforcement that they know, a family member?   Nobody

24    else.

25        Any of you or anyone in your family, been the

MO

Proceedings

1    victim of a crime, witness to a crime, or in any way

2    participated in a criminal proceeding?

3         Starting with the first row.

4         Yes, ma'am.  Number one.

5              A PROSPECTIVE JUROR:  While at work last

6    summer my husband was injured on the job.  Someone

7    attacked him.

8              THE COURT:  Okay.  I am sorry.

9              A PROSPECTIVE JUROR:  Broke his orbital socket

10   and nose as a result of that.

11             THE COURT:  Okay.  Will that experience your

12   husband went through affect you from being fair and

13   impartial in this case?

14             A PROSPECTIVE JUROR:  No.

15             THE COURT:  Nothing to do with that.

16             A PROSPECTIVE JUROR:  Not from what I heard so

17   far.

18             THE COURT:  The attorneys will question you

19   some more in that regard.

20        Anyone else in the front row?

21             A PROSPECTIVE JUROR:  I would like to come to

22   the bench.

23             THE COURT:  Yes, please.

24        (Whereupon, the following takes place at side-bar.)

25             THE COURT:  This is number two.

MO

1          A PROSPECTIVE JUROR:  I was the victim of a

2    stalking by my husband and my daughter was too, and that

3    happened for a couple of years.  It wouldn't have an

4    impact on me in any type of a decision.

5          THE COURT:  If the attorneys want to ask you

6    any questions I will have them come up privately.  We're

7    not trying to embarrass you.  Appreciate your honesty.

8          A PROSPECTIVE JUROR:  Okay.

9          THE COURT:  Thanks a lot.

10          (Whereupon, the following takes place in open

11    court.)

12          THE COURT:  Anyone else in the front row?

13      Yes sir.  Mr. Lanci.

14          A PROSPECTIVE JUROR:  Yes.  My daughter was

15    raped when she was sixteen.

16          THE COURT:  I am sorry to hear that.  Is that

17    experience going to, that's something totally different

18    than what is happening here.

19          A PROSPECTIVE JUROR:  Yes.

20          THE COURT:  Do you think you can be fair and

21    impartial?

22          A PROSPECTIVE JUROR:  Yes.

23          THE COURT:  I am sure the attorneys will talk

24    to you some more about that and if during the course of

25    that questioning if there's anything you feel you don't

Proceedings

```
 1        want to discuss publicly let me know and you will come
 2        up here.
 3                    A PROSPECTIVE JUROR:  Thank you.
 4                    THE COURT:  Someone else have their hand
 5        raised?  Yes,
 6             ma'am number.  Number five, Miss Nathan.
 7                    A PROSPECTIVE JUROR:  My house was broken into
 8        several times:
 9                    THE COURT:  Okay.  I am sorry to hear that.
10        Will that experience affect you from being able to sit
11        on this case and being fair and impartial?
12                    A PROSPECTIVE JUROR:  No.
13                    THE COURT:  Ma'am, you had your hand up.
14                    A PROSPECTIVE JUROR:  Can I approach?
15                    THE COURT:  Yes, of course.
16             (Whereupon, the following takes place at side-bar.)
17                    THE COURT:  Nicole Girardin, number six.
18                    A PROSPECTIVE JUROR:  It's not a family
19        member.  It's my friend.  He is actually being tried for
20        attempted murder.  His situation, I'm impartial to him,
21        so I don't know if that is --
22                    THE COURT:  You're saying that because of how
23        your friend is being treated by the criminal justice
24        system you feel you wouldn't be able to be fair and
25        impartial to both sides?
```

Proceedings

```
1              A PROSPECTIVE JUROR:  Yes.

2              THE COURT:  Consent.

3              MR. HAYDEN:  Yes.

4              MR. LEMKE:  Yes.

5              THE COURT:  Thanks a lot for your honesty.

6    You can step down, ma'am.

7         (Whereupon, the following takes place in open

8    court.)

9              THE CLERK:  Yaffa Bertell, B-E-R-T-E-L-L, seat

10   number six.

11             THE COURT:  Hello.  Anything you heard so far

12   you have a problem with?

13        You want to step up?

14             A PROSPECTIVE JUROR:  Yes.

15             (Whereupon, the following takes place at

16   side-bar.)

17             A PROSPECTIVE JUROR:  As you can see, my

18   husband was convicted.  He was in prison.  Whole

19   experience too trying for me to go through.

20             THE COURT:  Consent.

21             MR. HAYDEN:  Yes.

22             MR. LEMKE:  Yes.

23             THE COURT:  Thank you, ma'am.  Good luck:

24             (Whereupon, the following takes place in open

25   court.)
```

Proceedings

1          THE CLERK:  Lori Kovacs, K-O-V-A-C-S.

2              THE COURT:  Ma'am, anything you heard so far

3      you have a problem with.

4              A PROSPECTIVE JUROR:  No problems with

5      anything except the time frame.

6              THE COURT:  Okay.  What is the problem?

7              A PROSPECTIVE JUROR:  Work.  I have

8      appointments with the town.

9              THE COURT:  You have appointments.

10              A PROSPECTIVE JUROR:  Yeah, with the town,

11      help me find a job.  I have two appointments.

12              THE COURT:  Okay.

13          A PROSPECTIVE JUROR:  This week.

14          THE COURT:  You have a problem sitting.

15          A PROSPECTIVE JUROR:  Yes.

16          THE COURT:  Any objection?

17          MR. LEMKE:  Consent.

18          MR. HAYDEN:  No, Your Honor.

19          THE COURT:  Number six, you can step down.

20          THE CLERK:  Lewis Quaglia, Q-U-A-G-L-I-A, seat

21      number six.

22              THE COURT:  Good afternoon, sir.

23          Any problems with anything you heard so far?

24              A PROSPECTIVE JUROR:  No.

25              THE COURT:  Thank you, sir.

MO

Proceedings

1          In the back row?

2          If you don't recall the question, if anyone or a

3     family member has been a victim of a crime, an

4     eyewitness, or participated in any type of criminal

5     proceeding. Anyone in the back row.

6          Sir, number seven, Mr. Ket.

7               A PROSPECTIVE JUROR: Yeah, a friend was

8     murdered.

9               THE COURT: A friend.

10              A PROSPECTIVE JUROR: A friend, very close

11    family friend.

12              THE COURT: Sorry to hear that. Obviously you

13    heard the charge in this trial is Murder in the Second

14    degree.

15              A PROSPECTIVE JUROR: I don't think I can sit.

16              THE COURT: On consent.

17              MR. HAYDEN: Yes.

18              MR. LEMKE: Yes.

19              THE COURT: You can step down, sir.

20              THE CLERK: Sharon Reisert, R-E-I-S-E-R-T.

21              THE COURT: So, bear in mind, that my general

22    questions and then some basic principles, going to give

23    you basically for anyone who feels there's some reason

24    they can't sit on this case. Then we get passed that

25    stage just enables the attorneys to ask you more

Proceedings

1   questions.

2        So, I just ask that if you can stick it out and,

3   you know, at this point you heard the time, the type of

4   case, briefly, briefly, and we talked about if anyone

5   has been a victim of a crime or knows someone who has

6   been involved in the criminal justice system.  Going

7   through that now that doesn't mean will disqualify you

8   from this case.  Okay.

9        Again, just getting through this stage which I have

10  a few more minutes just brings you to the stage where

11  the attorneys question you.  Okay.

12        Sir, did you have your hand up?

13        A PROSPECTIVE JUROR:  Yeah, getting back to

14  the previous question.  Realized my father-in-law was a

15  cop at one time.  I know him as a pet store owner, but

16  way before.

17        THE COURT:  Appreciate that.  Will that have

18  any effect being fair and impartial in this case?

19        A PROSPECTIVE JUROR:  No.

20        THE COURT:  Ma'am, yes.

21        A PROSPECTIVE JUROR:  I know people on the

22  list.

23        THE COURT:  On consent.

24        MR. HAYDEN:  Yes.

25        MR. LEMKE:  Yes.

Proceedings

1              THE COURT:  You can step down.

2              THE CLERK:  Brian Ge, G-E.

3              THE COURT:  I had said 12:30.  Bear with me a

4    few more minutes.

5         Mr. Ge, any problems so far with anything you

6    heard?

7              A PROSPECTIVE JUROR:  Yeah.  My grandfather

8    was actually murdered.

9              THE COURT:  I am sorry to hear that.

10             A PROSPECTIVE JUROR:  Yes.

11             THE COURT:  You don't feel comfortable sitting

12   on this type of case?

13             A PROSPECTIVE JUROR:  No.

14             THE COURT:  Consent.

15             MR. HAYDEN:  Yes.

16             MR. LEMKE:  Yes.

17             THE CLERK:  Ramiro Barrera, B-A-R-R-E-R-A.

18             THE COURT:  You have a problem.

19             A PROSPECTIVE JUROR:  Yes, the time.

20             THE COURT:  The time.  Want to tell us

21   privately?

22             A PROSPECTIVE JUROR:  Sure.

23             A PROSPECTIVE JUROR:  I'm a consultant.  My

24   employer only pays for two days jury duty.  That is it.

25             THE COURT:  You feel you wouldn't be able to

MO

Proceedings

1          concentrate on what is happening here?

2                    A PROSPECTIVE JUROR:  Right.

3                    THE COURT:  Have a problem?

4                    MR. LEMKE:  No.  Consent.

5                    MR. HAYDEN:  Yes.

6                    THE COURT:  Thank you, sir.  You can step

7      out.

8                    THE CLERK:  Glen Connors, C-O-N-N-E-R-S.

9                    THE COURT:  Good afternoon.

10                   A PROSPECTIVE JUROR:  Good afternoon.

11                   THE COURT:  Mr. Connors.

12                   A PROSPECTIVE JUROR:  Yes.

13                   THE COURT:  Anything you heard thus far you

14     have a problem going further into this process?

15                   A PROSPECTIVE JUROR:  Just have a question

16     with the time.  Just came back from vacation.  Yesterday

17     was my first day back.  That is my only concern.

18                   THE COURT:  As I said, we won't sit this

19     Monday, and then I anticipate the outer limit will be

20     two weeks from Monday, and although I have other

21     matters, just so you know, when I have a jury, you're

22     the paramount concern of the court.  You're putting your

23     lives on hold.  So, I intend to keep this case moving

24     and get it, I hope to get it in within that tie frame

25     and  Not even go to that Monday.  As we go along, during

MO

Proceedings

1   the course of the questioning, if you're starting to
2   think about it, let us know.
3        As I said, I am not going to try to hold you here,
4   coerce you to stay.  I want this experience to be a good
5   experience for you.  And, again, I just note that if you
6   get discharged from here, you go back to the
7   commissioner of jurors, and could end up somewhere else,
8   and I can't speak for them.  You know.
9        Anyone else in the back row either been the victim
10  of a crime, have a family member who was a victim of a
11  crime?
12       Yes, ma'am.
13            A PROSPECTIVE JUROR:  My husband was held up
14  at gunpoint in his store and our house was burglarized.
15            THE COURT:  I am sorry to hear that.
16            A PROSPECTIVE JUROR:  Thank you.
17            THE COURT:  Will those experiences affect you
18  from -- obviously, this case has nothing to do with
19  that.
20            A PROSPECTIVE JUROR:  Altogether different.
21            THE COURT:  You feel you can be fair and
22  impartial?
23            A PROSPECTIVE JUROR:  Yes.
24            THE COURT:  Sir, did you have your hand up?
25            A PROSPECTIVE JUROR:  Yes.  My house was

Proceedings

1    vandalized once.

2              THE COURT:  Does that experience affect you

3    from being fair and impartial?

4              A PROSPECTIVE JUROR:  No, it shouldn't.

5              THE COURT:  Okay.  Again, if we get to the

6    next stage, the attorneys will be talking to you more,

7    if you have second thoughts what you told me you just

8    let us know.  Okay.

9         Now, in the front row, I will go a few more

10   minutes, front row, anyone ever sat on a criminal or

11   civil jury before or a Grand Jury?

12        Anyone in the front row?

13             A PROSPECTIVE JUROR:  About ten years ago.

14             THE COURT:  Criminal, civil.

15             A PROSPECTIVE JUROR:  I think it was civil.

16             THE COURT:  Okay.  Understand it's different

17   rules here.

18             A PROSPECTIVE JUROR:  Yes.

19             THE COURT:  You'd have to apply the law as I

20   give it to you.  You have a problem with that?

21             A PROSPECTIVE JUROR:  No.

22             THE COURT:  Anyone else in the front row?

23        In the back row?

24        I will start with you, sir.

25             A PROSPECTIVE JUROR:  Charles Frazer.

Proceedings

1    Medical malpractice case about five years ago here:

2            THE COURT:  Okay.  That's civil in nature.

3    Understand they'll be different rules here.  You have

4    any problem following the rules as I give them to you?

5            A PROSPECTIVE JUROR:  No.

6            THE COURT:  Someone else?  Yes, ma'am.

7            A PROSPECTIVE JUROR:  It was a criminal case,

8    about ten years ago, I guess.

9            THE COURT:  Okay.  Understand that this is

10   something totally different.  You have to follow the law

11   as I give it to you.

12           That experience wouldn't affect you from being fair

13   and impartial?

14           A PROSPECTIVE JUROR:  No.

15           THE COURT:  Okay.  Thank you.  Yes, sir.

16           A PROSPECTIVE JUROR:  A civil case.

17           THE COURT:  You heard me talking about it.

18           A PROSPECTIVE JUROR:  Yes.  Totally

19   different.  I will follow the law as you give it to me.

20           THE COURT:  Thanks a lot.  As jurors, your

21   verdict must be unanimous.  Twelve jurors seldom agree

22   immediately.  You will therefore be called upon to

23   deliberate.  Can each of you promise the parties that at

24   the time deliberations commence, you will participate in

25   the deliberations process.

MO

Proceedings

1          In other words, can you promise the defendant and

2     the People that you are willing to participate in

3     deliberations, express your own individual views based

4     on the evidence in this case, keep an open mind, and

5     listen to the views of the other jurors?

6          Anyone have a problem with that whole concept?

7          No hands.

8          By now you have a general idea about what sort of

9     things might affect your ability to serve as a juror.

10    Of course neither I nor the lawyer can think of

11    everything.  You may know something about yourself that

12    others might think would prevent you from being fair and

13    impartial jurors.

14         Do any of you know of any other reason why you

15    can't sit.

16         Again, go through this process, something comes to

17    mind during the process, let us know, and if you want to

18    tell to us privately, let us know.  Okay.

19         Now, I am going to break now.  Just so you know,

20    when we come back, my second series of questions

21    concerning your willingness to follow my instructions on

22    the law.  In order to be a juror, you do not have to

23    know anything about the law.  It is my function to

24    explain the law as it applies in this case.  It is your

25    function to determine the facts and to apply the law as

Proceedings

1      I will explain it to those facts.

2          If you are selected as jurors, I will explain the

3      law in detail to you at the end of the case.  Then what

4      will happen, you'll come back from the lunch break, I

5      will go over some basic principles of law to make sure

6      no one right off the bat has a problem with that.

7      Okay.  When we come back, Mr. Paoli, the Sergeant will

8      instruct everybody, we will resume 2:15.  Hope you have

9      a nice lunch.

10             THE COURT OFFICER:  Wait outside the courtroom

11     2:15 and the officers will come out and get you.  Okay.

12             L U N C H E O N   R E C E S S

13             (Afternoon session.)

14             THE COURT:  Counsel on the trial, is there

15     anything we need to do outside the presence of the

16     prospective jury?

17             MR. LEMKE:  No.

18             MR. HAYDEN:  No.

19             THE CLERK:  Continued case on trial,

20     167N-2005, the People of the State of New York versus

21     Mark Orlando.

22         People ready?

23             MR. HAYDEN:  Ready, Your Honor.

24             THE CLERK:  Defendant ready?

25             MR. LEMKE:  Defendant ready.

MO

Proceedings

1          THE COURT:  Let the record reflect the

2     presence of Mr. Orlando and the prospective jurors.

3          THE COURT:  Good afternoon, everyone.  Only 17

4     minute delay, not bad.  As we go along I will fine tune

5     that.  I apologize for keeping you waiting.  I am going

6     to continue with the basic principles to make sure all

7     of you can follow these principles and then at the

8     conclusion of these principles then I will allow the

9     attorneys to ask you questions, starting with Mr.

10    Hayden, the Assistant District Attorney.

11         It is important at this stage for the parties to

12    know that you will follow the law as I give it to you.

13    I will, therefore, describe a few basic principles to

14    make sure that you can follow them.

15         Every person accused of a crime is presumed

16    innocent.  That is, he stands innocent in the eyes of

17    the law.  The People must rebut this presumption, if

18    they can, by the presentation of evidence which

19    convinces you, beyond a reasonable doubt, of the

20    defendant's guilt.

21         In a criminal case, the burden of proof is on the

22    People, and remains on the People throughout the trial.

23    The defendant is not required to prove or disprove

24    anything.

25         Are there any of you who cannot in your own mind

Proceedings

1    accord the defendant this presumption of innocence?

2         At the close of the case, I will explain exactly

3    what reasonable doubt means and that you must acquit the

4    defendant if you have a reasonable doubt as to his

5    guilt.

6         Are there any of you who cannot require that guilt

7    be proven beyond a reasonable doubt before you would

8    convict?

9         However, reasonable doubt does not mean beyond all

10   doubt.  In other words, the People are not obligated to

11   prove guilt beyond all doubt.  Nothing in life is

12   absolutely certain.  Is there any of you who would

13   require absolute certainty of guilt before you would

14   convict?

15        Can you assure me that if you find guilt beyond a

16   reasonable doubt you will return a verdict of guilty?

17        Under our system of law, the defendant is not

18   obligated to testify or to call any witnesses or explain

19   his actions in any way.  Indeed, the defendant does not

20   have to present any evidence at all, and you cannot draw

21   any inferences unfavorable to the defendant from this

22   fact.

23        Are there of you who will or might allow the fact

24   that if the defendant does not testify, you can't let

25   that influence your deliberations, you are to draw no

Proceedings

1    unfavorable inferences from that?

2         Anyone have a problem with that?

3         Your deliberations will end when you determine

4    whether or not the defendant has been proven guilty

5    beyond a reasonable doubt.  Any sentence which may be

6    imposed is a job for the Court exclusively.  You the

7    jury will have no role to play.  You're not permitted to

8    consider the possibility of punishment in your

9    deliberations, and you may not include any

10   recommendations as to sentence in your verdict.

11        Is there anyone who feels they cannot render a

12   verdict free from sympathy and without considering the

13   possibility of punishment?

14        It is not essential that you agree with or like the

15   principles of law I will set them forth, as I set them

16   forth.  Under my oath, as a judge, I must instruct you

17   on the law as it applies to this case.  Under your oath

18   as jurors, you must accept the law as I explain it to

19   you, whether you agree with it or not, and apply it to

20   the facts as you find them.

21        Is there anyone who can't accept this principle?

22        We already discussed this briefly, but I again

23   reiterate it here with respect to police witness.  You

24   must judge each witness as an individual and determine

25   whether and to what extent you believe his or her

Proceedings

1    testimony.

2         Some of the People's witnesses will be police

3    officers.  They'll take the same oath as all other

4    witnesses.  The fact that a witness is a police officer

5    or wears a police officer's uniform does not make him or

6    her any more or less believable.

7         Do nay of you have any feelings about the police,

8    or anyone have any experience which would lead you to

9    give a police officer's testimony any greater or lesser

10   weight than anyone else's testimony?

11        I am sure the attorneys will talk to you some

12   more.  Some of you said you had family members or

13   whatever in law enforcement.

14        You will now be asked various questions by the

15   attorneys starting with the Assistant District Attorney,

16   then the defendant's attorney Mr. Lemke will question

17   you.  Their questions like mine are only designed to

18   determine whether you can sit on this particular case.

19   If they inadvertently ask you a question which is

20   embarrassing or very personal you may say so, as we

21   indicated, you have seen already throughout the course

22   of today, we can approach the bench and discuss it in

23   private.

24        At this time, I am going to allow the attorneys to

25   ask you a questions.  I thank you for your patience.

Proceedings

1          Mr. Hayden.

2          (Whereupon, Mr. Hayden questioned the prospective

3     jurors, herein not recorded.)

4          THE COURT:  Mr. Lemke.

5          (Whereupon, Mr. Lemke questioned the prospective

6     jurors, herein not recorded.)

7          THE COURT:  I would just ask everybody to

8     remain quiet.  Be a couple of minutes.  Then I am go

9     going to conference up here at the bench, make some

10    decisions with respect to who is going to be able to sit

11    on this particular case.

12         (Whereupon, the following takes place at side-bar.)

13         THE CLERK:  First twelve jurors on the board,

14    challenge for cause, People.

15         MR. HAYDEN:  None.

16         THE CLERK:  Defense.

17         MR. LEMKE:  None.

18         THE CLERK:  Peremptory challenges, People.

19         THE COURT:  First twelve.

20         MR. HAYDEN:  Number four, Johnson.  For the

21    record, Miss Johnson spends most of her time as a

22    pastor.

23         MR. LEMKE:  There is no objection.

24         MR. HAYDEN:  Just for the record, she is a

25    pastor, she spends all the time based on what she told

MO

Proceedings

1   me on religious exercises and I can't take a chance that

2   a woman who I know is going to be sympathetic, who is

3   very religious, may not somehow let her faith interfere

4   with her decision making in this case.

5       Also her religion is Rehobthre, R-E-H-O-B-T-H-R-E,

6   I am not familiar with that religion.  I don't know

7   whether members of that religion would be particularly

8   sympathetic and reluctant to pass judgment.  So, for

9   those reasons I am going to strike her.

10              THE COURT:  Exercising a peremptory, and there

11  is no objection.

12              MR. LEMKE:  No.

13              THE COURT:  Number four.  People peremptory.

14              MR. HAYDEN:  That is it.

15              THE COURT:  Defense.

16              MR. LEMKE:  Exercise peremptory challenges on

17  number one, number three, number seven, Connors, number

18  eight, Andrews, number eleven, Charles Frazer, number

19  twelve, Saperstein.  Sicarello, number one.  Number

20  three, Lanci.

21              THE CLERK:  Number one, Patricia Bologna.

22  Aileen Nathan, number two.  Louis Quaglia, number three.

23  Number four will be Raffat Hyat.  Number five will be

24  Sally Turrill Barnes.

25              THE CLERK:  Six and seven, consideration of

MO

Proceedings

1      the last two jurors on the board, cause People.

2                    MR. HAYDEN:  No.

3                    THE CLERK:  Defense.

4                    MR. LEMKE:  No.

5                    THE CLERK:  Peremptory, People.

6                    MR. HAYDEN:  Number fourteen.

7                    MR. LEMKE:  Number thirteen.

8                    THE COURT:  What is the total for both sides,

9      Mr. Paoli?

10                   THE CLERK:  The  People have used two,

11     defendant has use seven.

12          In agreement on that?

13                   MR. HAYDEN:  Yes.

14                   MR. LEMKE:  Yes.

15          (Whereupon, the following takes place in open

16     court.)

17                   THE COURT:  Ladies and gentlemen in the jury

18     box, on behalf of the People and the defendant, Mr.

19     Lemke, the Court, I want to thank all of you.  Mr. Paoli

20     will give certain instructions for you to follow.  Some

21     of you have been chosen.  Just listen to Mr. Paoli.

22     What will happen is the ones who are chosen to sit on

23     this case, I am going to give you certain admonishments

24     regarding the case and ask you to report back here

25     Friday at nine a.m.

Proceedings

1    Parking gets a little tough here so you might want

2    to come earlier.  There's Dunkin Donuts and a deli

3    across the street, get coffee.  Talking about the people

4    who are chosen to sit on this case.  Okay.

5        Mr. Paoli.

6        Thank you very much everyone.

7        THE CLERK:  The following jurors whose names I

8    am about to call, please remain seated.  If you hear

9    your name called, remain in your seats.  Those jurors

10   whose names are not called, again, you see the court

11   officer over here and he will direct you further.

12       Again you have the thanks of the Court.  The

13   following jurors please remain in place.

14       HE CLERK:  Patricia Bologna.  Aileen Nathan.

15   Louis Quaglia.  Raffat Hayat.  And Sally Turrill Barnes.

16       Those jurors called remain in your seat.  Again the

17   other jurors not called, please see Officer Longo at the

18   back door over there.  He will direct you further.  You

19   have the thanks of the Court.

20       The selected jurors, kindly rise, raise your right

21   hand.

22       Do each of you solemnly swear you will try this

23   action in a just and impartial manner to the best of

24   your judgment and render a verdict according to the law

25   and evidence so help you God.

Proceedings

1         (Whereupon, the newly selected jurors collectively

2   answered in the affirmative.)

3         THE CLERK:  Have a seat.

4         THE COURT:  Folks, like I said, I am going to

5   give you some brief admonishment now and let you go.

6   You don't have to return until Friday at nine o'clock.

7   I believe the sergeant will give you further

8   instructions outside, and as I indicated, I will tell

9   you on Friday, we're not going to sit Monday either in

10   your minds you know tomorrow, Thursday and Monday, you

11   know, you don't have to be here.  Okay.

12         You must not converse among yourselves or with

13   anyone else upon any subject connected with the trial.

14   You must not read or listen to any accounts or

15   discussions of the case in the event that it is reported

16   by the newspapers or other media.  You must not visit or

17   view the premises or place where the offense or offenses

18   charged were allegedly committed, or any other premise

19   or place involved in the case.

20         Prior to you being discharged, you must not

21   request, accept, agree to accept or discuss with any

22   person the receiving or accepting of any payment or

23   benefit in consideration for supplying any information

24   concerning the trial.

25         You must promptly report to the court any incident

1    within your knowledge involving an attempt by any person

2    improperly to influence any member of the jury.

3          You shall not access the Internet or Worldwide Web

4    by any means available to you for the purposes of either

5    learning about this case or to learn about the law and

6    legal issues concerning this case.

7          I am not telling you you can't go on the computer,

8    you can't go on the computer specifically to look up

9    this case or any law involving this case.  Understand,

10   right?

11         Thank you for your patience.  Have a good evening.

12   See you Friday morning.  Safe home.

13              THE COURT OFFICER:  Selected jurors, step

14   around and follow me, please.

15              THE COURT:  Ladies and gentlemen, we're

16   hopeful the process will go quicker now that you heard

17   the questions and you know what goes on.

18         Mr. Paoli, my clerk, will again, randomly, pick out

19   fourteen names to fill the box.  Thank you for your

20   patience.

21         Mr. Paoli.

22              THE CLERK:  Okay, Judge.

23         Again, the following jurors whose names I am going

24   to call, prospective jurors, please use the swinging

25   gate over here, see the sergeant at the podium here,

MO

Proceedings

1    have the questionnaire broken down into four parts,

2    bring all your belongings with you, pocketbooks, coats,

3    et cetera.

4         Henry Holler, H-O-L-L-E-R.

5         Barry Silverman, S-I-L-V-E-R-M-A-N.

6         Daniel DeLuca, D-E-L-U-C-A.

7         Charles Eckhardt, E-C-K-H-A-R-D-T.

8         Vincent DeJoseph, D-E-J-O-S-E-P-H.

9              THE COURT:  That was someone I personally knew

10   so I released him from this case.

11             THE CLERK:  Arlene Sessa, S-E-S-S-A.

12        Jillian Risorto, R-I-S-O-R-T-O.

13        Nadine Schlissel, S-C-H-L-I-S-S-E-L.

14        Gail Zahler, Z-A-H-L-E-R.

15        Cindy Safran, S-A-F-R-A-N.

16        Steven Murer, M-U-R-E-R.

17        Emmalyn Witzman, W-I-T-Z-M-A-N.

18        Kathleen Aldous, A-L-D-O-U-S.

19        Timothy Dand, D-A-N-D.

20        Kristen Fortugno, F-O-R-T-U-G-N-O.

21             THE COURT:  Good afternoon, ladies and

22   gentlemen.

23        I am going to briefly talk to you and then let it

24   go into the attorneys hands.  Generally, I am going to

25   ask you just a couple of general questions.  You

MO

Proceedings

1    basically have heard the time, you heard the nature of

2    the charge.  You heard different things from myself and

3    the attorneys.

4         Would any of your answers to the questions I posed

5    to the first panel be in a manner which would negatively

6    impact upon your ability to be totally fair and

7    impartial?

8         In other words, would any of you not be able to

9    follow the instructions I gave on the law with respect

10   to, for example, to the presumption of innocence,

11   reasonable doubt, sympathy, the fact that the indictment

12   is only an accusation, all the things we discussed so

13   far up to this point?

14        Is there anyone in the front row who feels they

15   can't be fair and impartial?

16        Yes, sir.

17             A PROSPECTIVE JUROR:  May I approach, please?

18             THE COURT:  Sure.

19             THE COURT:  Mr. Silverman.

20             A PROSPECTIVE JUROR:  That is me.

21             THE COURT:  Step up, sir.

22        (Whereupon, the following takes place at side-bar.)

23             A PROSPECTIVE JUROR:  I am a police officer.

24             THE COURT:  Consent?

25             MR. LEMKE:  On consent.

MO

Proceedings

```
 1              MR. HAYDEN:  Yes.

 2          (Whereupon, the following takes place in open

 3     court.)

 4              THE COURT:  Bear in mind, folks, as you know

 5     from this morning and this afternoon, all this does is

 6     gets you to the next stage where you will be able to

 7     talk to the attorneys if you have a problem, whatever.

 8          But, again, in the front row, anybody that just

 9     can't be fair and impartial based upon what you know at

10     this point.

11              A PROSPECTIVE JUROR:  I know one of the names

12     on the list.

13              THE COURT:  You know a prospective witness?

14              A PROSPECTIVE JUROR:  Right.

15              THE COURT:  Consent?

16              MR. HAYDEN:  Yes.

17              MR. LEMKE:  Yes.

18              THE COURT:  That is number four, Mr. Eckhardt.

19              A PROSPECTIVE JUROR:  Right.

20              THE COURT:  You may step down.

21              THE COURT:  Anyone else in the front row?

22          Again, they'll talk to you.  So, if something's

23     bothering you, you don't feel you can be fair and

24     impartial, during the course of the questioning let us

25     know.
```

MO

Proceedings

```
 1              Anything you thus far heard, ladies and gentlemen
 2       in the back row, that you'd have a problem being fair
 3       and impartial?
 4              Yes, ma'am.
 5                   A PROSPECTIVE JUROR:  Can I come up?
 6                   THE COURT:  Would you like to step up?  Sure.
 7                   (Whereupon, the following takes place at
 8       side-bar.)
 9                   A PROSPECTIVE JUROR:  I have two reasons, one
10       I am on an advisement board that meets Tuesdays.  Second
11       reason, I went through a lot in September.  I don't
12       think I can handle this.  I don't think I can handle the
13       pictures.
14                   THE COURT:  On consent.
15                   (Whereupon, the following takes place in open
16       court.)
17                   THE COURT:  Anyone in the back row?
18              Okay.  You can fill -- yes, ma'am.
19                   A PROSPECTIVE JUROR:  Doing the time now.
20                   THE COURT:  Have a problem.
21                   A PROSPECTIVE JUROR:  Shavuot falls on the
22       thirteenth and fourteenth.
23                   THE COURT:  I can't hear.
24                   A PROSPECTIVE JUROR:  Is a view, Jewish
25       Sabbath.
```

Proceedings

1      THE COURT:  Consent.

2      MR. LEMKE:  Yes.

3      MR. HAYDEN:  Yes.

4      A PROSPECTIVE JUROR:  I have another time

5  issue.  My mother is going for major surgery on the

6  sixteenth.

7      THE COURT:  I will let you go.

8      On consent eight and nine?

9      MR. LEMKE:  Yes, Your Honor.

10      THE COURT:  Number twelve, Miss Aldous, you

11  have a problem with the time, with some personal things

12  at home?

13      A PROSPECTIVE JUROR:  Yes.

14      THE COURT:  Any objection?

15      MR. LEMKE:  No.

16      MR. HAYDEN:  No.

17      THE COURT:  Thank you.  You can step down.

18  Follow the officer's instructions.

19      Anybody else?  Anything you heard thus far before

20  the attorneys talk to you?

21      Okay.  Want to fill these seats.

22      THE CLERK:  Certainly.  Seat number two,

23  follow the -- prospective jurors, step up, take all your

24  belongings.

25      M. Mendoza, M-E-N-D-O-Z-A, seat number two.

MO

64

Proceedings

1      Number four, seat number four, Moshen Pahlavan,

2   P-A-H-L-A-V-A-N.   Number four.

3      Number 7 Matt Mehele, M-E-H-E-L-E.

4      Seat number eight, Wayne Costello,

5   C-O-S-T-E-L-L-O.

6      Seat number nine, Thomas Scarfo, S-C-A-R-F-O.

7      Number twelve, Paul Bicino, B-I-C-I-N-O.

8      THE COURT:  With respect to the six people

9   that just took their seats, in the front row, numbers

10   two and four, any problems with what you heard thus

11   far?

12      Ma'am.

13      A PROSPECTIVE JUROR:  Can I?

14      THE COURT:  You want to step up?  Sure.

15      (Whereupon, the following takes place at

16   side-bar.)

17      A PROSPECTIVE JUROR:  I don't know, I --

18      THE COURT:  You have trouble sitting on this

19   case.  You have a problem sitting on this case.

20      MR. HAYDEN:  Consent.

21      MR. LEMKE:  Consent.

22      THE COURT:  Doesn't worry about it.  Consent.

23   Good luck with everything.

24      (Whereupon, the following takes place in open

25   court.)

MO

1          THE COURT:  Sir.

2          A PROSPECTIVE JUROR:  I know some people on

3    the list.

4          THE COURT:  You believe you know some of the

5    prospective witnesses?

6          A PROSPECTIVE JUROR:  Yes.

7          THE COURT:  On consent.

8          MR. HAYDEN:  Yes.

9          MR. LEMKE:  Yes.

10          THE COURT:  You can step down.

11    Anyone in the back row seated, any problem with

12    anything you heard thus far?

13    Want to come up?

14          A PROSPECTIVE JUROR:  Yes, please.

15          (Whereupon, the following takes place at

16    side-bar.)

17          A PROSPECTIVE JUROR:  Work related.  Right

18    now, middle of paying for a wedding and buying a house.

19          THE COURT:  You will be distracted with those

20    pressures.

21          A PROSPECTIVE JUROR:  Yes.

22          MR. LEMKE:  Consent?

23          MR. HAYDEN:  Yes.

24          THE COURT:  Anyone else in the back need to

25    come up here.

Proceedings

1          Bear in mind because you're in the seat that
2   doesn't mean you will be chosen on this case.
3          A PROSPECTIVE JUROR:  I have a time issue.  I
4   have a flight for a conference.
5          THE COURT:  When are you leaving?  Going in a
6   couple of days?
7          A PROSPECTIVE JUROR:  Friday to Sunday.
8          THE COURT:  Supposed to leave Friday. We're
9   going to be sitting Friday.  Let the commissioner know
10  to.
11      Consent.
12          MR. HAYDEN:  Sure.
13          MR. LEMKE:  Yes.
14          THE CLERK:  Following prospective jurors step
15  up please.
16      Seat number two, Janice Stanley, S-T-A-N-L-E-Y.
17  Seat number two.
18      Michael Kirkby, K-I-R-K-B-Y, seat number four.
19      John Negrinelli, N-E-G-R-I-N-E-L-L-I.
20      Shirley Abel, A-B-E-L.
21          THE COURT:  The four people that just took a
22  seat, any problem at this point?
23          Yes, sir.
24      You don't have, unless it's in private or
25  something, you can tell me from there.  If it's private,

Proceedings

1    you can come up.  If it's time or going on a trip just

2    tell us from there.  All right.

3              I don't think I can keep getting these two

4    attorneys up like this.

5              (Whereupon, the following takes place at

6    side-bar.)

7              A PROSPECTIVE JUROR:  I was the victim of two

8    crimes.  One I was a witness, and the second -- first

9    one that went to court, second one did go to court and

10   not he, only was victim, I was called as a witness

11   and --

12             THE COURT:  Whole experience would affect

13   you?

14             A PROSPECTIVE JUROR:  Only because what I saw

15   what happened to the court.

16             THE COURT:  Whatever reason.

17             A PROSPECTIVE JUROR:  Exactly.

18             A PROSPECTIVE JUROR:  What he said before I

19   walk in, I wouldn't want me on there.

20             THE COURT:  Consent?

21             MR. LEMKE:  Consent.

22             THE COURT:  Thank you.

23             MR. HAYDEN:  Yes.

24             THE COURT:  Anyone else in the back row?

25   Something general?

Proceedings

68

```
 1              A PROSPECTIVE JUROR:  I have an elderly
 2    mother.  I am, I have, you know, problems with her care
 3    for that long period of time.
 4              THE COURT:  Okay.  That is most important
 5    thing.
 6         On consent?
 7              MR. HAYDEN:  Yes.
 8              MR. LEMKE:  Yes.
 9              A PROSPECTIVE JUROR:  Thank you.
10              THE COURT:  This is just going to get us where
11    the attorneys talk to you.  Something on your mind don't
12    be afraid to discuss it with them.
13         Mr. Paoli, two seats.
14              THE CLERK:  Number seven, William Dunkin,
15    D-U-N-K-I-N.
16         Seat number twelve, Duncin Quarless,
17    Q-U-A-R-L-E-S-S.
18              THE COURT:  Gentlemen, anything you heard thus
19    far?
20         Yes, sir, Mr. Dunkin, something we can talk about
21    out in the open?
22              A PROSPECTIVE JUROR:  If I can approach.
23              THE COURT:  Sure.  Come on up.
24              (Whereupon, the following takes place at
25    side-bar.)
```

Proceedings

```
 1              THE COURT:  How are you?
 2              A PROSPECTIVE JUROR:  Fine.
 3              A PROSPECTIVE JUROR:  I would like to be
 4      excused for medical reasons.
 5              THE COURT:  Sure.  No problem.
 6              THE COURT:  Got you.  Consent.
 7              MR. LEMKE:  Yes.
 8              MR. HAYDEN:  Yes.
 9              (Whereupon, the following takes place in open
10      court.)
11              THE COURT:  Mr. Quarless, any problems?
12              A PROSPECTIVE JUROR:  I will try my best to be
13      unbiased but I will tell you that one of my own sons is
14      currently under legal investigation and I think the
15      police --
16              THE COURT:  Why don't you step up here.
17              (Whereupon, the following takes place at
18      side-bar.)
19              THE COURT:  Excuse me for cutting you off.
20              A PROSPECTIVE JUROR:  No charges have been
21      brought but I think the police behaved in an
22      unscrupulous fashion and compromised me as a parent.
23              THE COURT:  You don't think you can be fair
24      and impartial?
25              A PROSPECTIVE JUROR:  No.
```

MO

Proceedings

1          THE COURT:   Consent.

2          MR. HAYDEN:   Yes.

3          MR. LEMKE:   Yes.

4          A PROSPECTIVE JUROR:   Thank you.

5          THE CLERK:   Peggy Stevenson,

6     S-T-E-V-E-N-S-O-N, seat seven.

7          Seat twelve, William Wills, W-I-L-L-S.

8          THE COURT:   Ma'am, sir, anything you heard

9     throughout the course of today that would affect your

10    ability to be fair and impartial?

11         A PROSPECTIVE JUROR:   No.

12         A PROSPECTIVE JUROR:   No.

13         THE COURT:   Mr. Hayden, when you're ready.   I

14    know you just got the forms.   Get the forms in order.

15    Take your time.

16         (Whereupon, Mr. Hayden questioned the prospective

17    jurors, herein not recorded.)

18         (Whereupon, Mr. Lemke questioned the prospective

19    jurors, herein not recorded.)

20         (Whereupon, the following takes place at

21    side-bar.)

22         THE CLERK:   Consideration of the first seven

23    on the board for the seven open seats for cause, People.

24         MR. HAYDEN:   None.

25         THE CLERK:   Defendant.

MO

Proceedings

1          MR. LEMKE:   None.

2          THE CLERK:   Peremptory, People, first seven

3    only.

4          MR. HAYDEN:   One, three, five and six.

5          THE COURT:   Put the number on the record.

6          THE CLERK:   Peremptory challenges exercised on

7    one, three, five and six by the people.

8       Defendant, peremptory challenges.

9          MR. LEMKE:   Two and seven.

10         THE CLERK:   Stanley and Stevenson.

11         THE COURT:   That makes Michael Kirkby juror

12   number six, correct?

13         MR. HAYDEN:   Yes.

14         THE CLERK:   Consideration of eight through

15   thirteen for the six open slots.   Cause, People.

16         MR. HAYDEN:   No.

17         THE DEFENDANT:   Defendant, cause.

18         MR. LEMKE:   No.

19         THE CLERK:   Peremptory, People.

20         MR. HAYDEN:   Murer.

21         THE COURT:   Number ten and eleven.

22         THE CLERK:   Up to thirteen.

23         MR. HAYDEN:   And thirteen.

24         THE COURT:   For the record ten, eleven and

25   thirteen, peremptory, People.

Proceedings

1               THE CLERK:  Murer, Witzman and Dand.

2               THE COURT:  Which ones did you use peremptory

3       challenges, Witzman, Dand and Murer?

4               MR. HAYDEN:  Yes.

5               THE COURT:  Is that correct.

6               MR. HAYDEN:  Yes, ten, eleven and thirteen.

7               THE CLERK:  Peremptory challenges by the

8       defense.

9               MR. LEMKE:  Number eight Costello, and number

10      twelve.

11              THE CLERK:  Which leaves one left, Scarfo.

12              THE COURT:  Which would be number seven.

13              MR. HAYDEN:  Yes.

14              MR. LEMKE:  That's correct.

15              THE CLERK:  Last one, cause.

16              MR. HAYDEN:  No.

17              THE CLERK:  Defendant.

18              MR. LEMKE:  No.

19              THE CLERK:  Peremptory, People.

20              MR. HAYDEN:  Yes.

21              THE COURT:  We have seven.  I will excuse

22      these two until Friday at nine.  We should get a jury by

23      then.

24              (Whereupon, the following takes place in open

25      court.)

Proceedings

1      THE COURT:  Folks, out of this group two were

2  chosen remaining of the jury.  Mr. Paoli will give you

3  instructions in a moment.

4      Thank you on behalf of the court system, on behalf

5  of the parties, the defendant, and the People, and we

6  appreciate your time and your patience.  Have a good

7  evening.

8      THE CLERK:  Ladies and gentlemen, when you

9  hear your name called, please remain in your seats.  You

10  have been selected to sit on this jury.  If your name is

11  not called, again, you're excused with the thanks of the

12  Court.  See Officer Longo who will direct you further.

13      The following jurors have been selected.  Remain in

14  your seat.  Michael Kirkby and Thomas Scarfo.

15      THE COURT:  Everyone else, again, thank you

16  very much.  Have a good night.

17      THE CLERK:  Following jurors in the box please

18  stand, raise your right hand.

19      Do you and each of you solemnly swear to try this

20  action in a just and impartial manner to the best of

21  your judgment and render a verdict according to the law

22  and evidence so help you?

23      (Whereupon, the newly selected jurors collectively

24  answered in the affirmative.)

25      THE COURT:  Gentlemen, I'm going to admonish

Proceedings

1    you.  You can have a seat.  You must follow these

2    rules.

3          You must not converse among yourselves or with

4    anyone else upon any subject connected with the trial.

5    You must not read or listen to any accounts or

6    discussions of the case in the event that it is reported

7    by newspapers or other media.  You must not visit or

8    view the premises or place where the offense charged was

9    allegedly committed, or any other premise or place

10   involved in the case.

11         Prior to your being discharged, you must not

12   request, accept, agree to accept, or discuss with any

13   person the receiving or accepting of any payment or

14   benefit in consideration for supplying any information

15   concerning the trial.

16         You must promptly report to the Court any incident

17   within your knowledge involving an attempt by any person

18   improperly to influence any member of the jury.

19         You're not to access the Internet or Worldwide Web

20   by any means available to you for the purposes of either

21   learning about this case or to learn about the law and

22   legal issues concerning this case.

23         As I said earlier you can go on the computer, you

24   can't be looking into the law involved here or anything

25   about this case.  Okay, gentlemen.  You're excused.  You

MO

75

Proceedings

1  will be back Friday at nine a.m.  As I said you might

2  want to come earlier.  Parking gets tough.  Grab coffee

3  or whatever.

4      Have a great day tomorrow.  See you on Friday.

5  Thank you very much.

6          THE COURT OFFICER:  This way, gentlemen.

7          THE COURT:  The case is adjourn to tomorrow.

8      (Whereupon, the trial was adjourned to June 2,

9  2005.)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

MO