| People v Orlando |
| --- |
| 2009 NY Slip Op 03547 |
| Decided on April 28, 2009 |
| Appellate Division, Second Department |
| Published by <u>New York State Law Reporting Bureau</u> pursuant to Judiciary Law § 431. |
| This opinion is uncorrected and subject to revision before publication in the Official Reports. |

Decided on April 28, 2009
SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION : SECOND JUDICIAL DEPARTMENT
REINALDO E. RIVERA, J.P.
ROBERT A. SPOLZINO
DANIEL D. ANGIOLILLO
RUTH C. BALKIN, JJ.

2005-08854
(Ind. No. 167/05)

[*1]The People, etc., respondent,

v

**Mark Orlando, appellant. Bassett & Bassett, P.C., Central Islip, N.Y. (Kerry Bassett of counsel), for appellant.**

Kathleen M. Rice, District Attorney, Mineola, N.Y. (Robert A. Schwartz and Sarah Spatt of counsel), for respondent.

DECISION & ORDER

Appeal by the defendant from a judgment of the County Court, Nassau County (D. Sullivan, J.), rendered August 18, 2005, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after

a hearing (Honorof, J.), of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

ORDERED that the judgment is affirmed.

The defendant was convicted of murder in the second degree for causing the death of Robert Calabresse, a bookmaker with whom the defendant placed gambling bets. Within five days of the murder, following a police investigation, the defendant was arrested based on outstanding bench warrants for prior pending, unrelated, vehicle and traffic charges and to investigate his involvement in the murder. The detectives never questioned the defendant with respect to those traffic matters, limiting questioning to the murder allegations after the defendant received and waived his *Miranda* rights (*see Miranda v Arizona*, 384 US 436). The defendant then made incriminating statements about his involvement in the murder.

On appeal, the defendant contends that his inculpatory statements to the police should have been suppressed because they were obtained in violation of his right to counsel. Contrary to the defendant's argument, however, he never sought or requested an attorney prior to his statements, and there was no evidence presented that the police were aware of any prior legal representation, or that he had, in fact, [*2]retained counsel, for the unrelated traffic charges (*see People v Burdo*, 91 NY2d 146, 150 [statements suppressed as police knew about pending charge and related representation]; *People v Rogers*, 48 NY2d 167, 169). Since the defendant was not questioned in violation of his *Miranda* rights, including his right to counsel, the hearing court properly denied suppression of the defendant's statements (*see People v Bing*, 76 NY2d 331, 350-351; *People v Tyler*, 43 AD3d 633, 635; *People v Middlebrooks*, 300 AD2d 1142; *People v Acosta*, 259 AD2d 422; *cf. People v Burdo*, 91 NY2d at 150).

Contrary to the defendant's contention, the court did not violate his right to confront a witness when it permitted a detective to testify that he told the defendant that a codefendant gave details about the killing. "The court properly instructed the jury that the testimony was admitted for the limited purpose of explaining the detective's actions and their effect on the defendant, and not for the truth of the codefendant's statement" (*People v Ewell*, 12 AD3d 616, 617; *see Tennessee v Street*, 471 US 409, 413-417; *People v Reynoso*, 2 NY3d 820, 821; *People v Marji*, 43 AD3d 961, 962; *People v Bryant*, 39 AD3d 768).

In addition, during the trial, the court allowed the prosecution to introduce into evidence a videotape from a video surveillance camera of the area where the shooting occurred. Contrary to the defendant's contention, the prosecution laid a proper foundation for the admission of the tape into evidence (*see People v Ely*, 68 NY2d 520, 527). The fact that there were minor glitches in the tape goes to the weight of the evidence, not its admissibility (*see People v Gibbons*, 18 AD3d 773; *People v Jackson*, 200 AD2d 856, 858; *People v Apergis*, 200 AD2d 388, 389; *People v Torres*, 136 AD2d 664, 666).

The defendant's claims of ineffective assistance of counsel are without merit, as defense counsel provided the defendant with meaningful representation (*see People v Benevento*, 91 NY2d 708, 711; *People v Baldi*, 54 NY2d 137, 146-147).

The defendant's contentions in points five, six, and seven of his brief are unpreserved for appellate review because those specific contentions were not raised during the suppression hearing or the trial (*see* CPL 470.05[2]; *People v Gray*, 86 NY2d 10, 19; *People v Redmond*, 41 AD3d 514, 516). His remaining contention, in point four of his brief, concerning the propriety of the introduction of a mannequin to demonstrate the trajectories of the bullets that hit the victim's body, is without merit (*see People v Acevedo*, 40 NY2d 701).

RIVERA, J.P., SPOLZINO, ANGIOLILLO and BALKIN, JJ., concur.

ENTER:

James Edward Pelzer

Clerk of the Court

Return to Decision List