# Bassett & Bassett, P.C.

*Attorneys & Counselors at Law*

Jason Bassett
Kerry S. Bassett

The Courthouse Corporate Center
320 Carleton Avenue, Suite 4200
Central Islip, New York 11722
Tel: (631) 234-2511
Fax: (631) 232-5343

June 10, 2009

Stuart M. Cohen
Clerk of the Court
New York State Court of Appeals
20 Eagle Street
Albany, New York 12207-1095

Re:  **People v. Mark Orlando**
     **Ap. Div. Dkt. No. 2005-08854**

Honorable Clerk:

Please consider this correspondence as a request, made on behalf of my client, Mark Orlando, for a certificate granting leave to appeal this matter to the New York State Court of Appeals. On April 28, 2009, the Supreme Court of the State of New York, Appellate Division, Second Department, affirmed the Judgment of conviction rendered, after jury trial, of the County Court, Nassau County (Sullivan, J.). A Notice of Entry of the Appellate Division's Order, dated May 8, 2009, was served upon the undersigned by the Nassau County District Attorney's office on or about that date and received by the undersigned on May 12, 2009. Therefore, this application is timely.

Nassau County Indictment 167N-05 charged Appellant with one count of Murder in the Second Degree, in violation of Penal Law §125.25(1), for the killing of twenty-four year-old Bobby Calabrese, a money collector for a local bookmaker.

Co-defendant Herve Jeannot was tried separately after a joint suppression hearing was held. On August 11, 2006, Herve Jeannot was convicted of Murder in the First Degree and Criminal Possession of a Weapon in the Second Degree and subsequently sentenced to life in prison. Earlier this year, Mr. Jeannot's conviction was reversed by the Supreme Court of the State of New York, Appellate Division, Second Department, and his matter remanded to the Nassau County Court for a new trial.

During Mark Orlando's trial, the prosecutor improperly elicited testimony from an investigating detective, Det. McGinn, regarding an inculpatory statement allegedly made by co-defendant Herve Jeannot. Specifically, the detective testified that he entered Mark Orlando's interrogation room after learning from other Nassau County Police detectives that co-defendant Herve Jeannot gave a statement to another homicide detective. Herve Jeannot allegedly confessed to killing Calabrese, but claimed that Mark Orlando paid him to commit the murder. T. 623-624.

Det. McGinn then explained that the Appellant agreed to change his initial statement, placing himself and Jeannot at the scene of the crime. The Appellant allegedly explained to Det. McGinn that Jeannot killed Calabrese, but that the Appellant did not know Jeannot was planning to commit murder. Most importantly, while placing himself and Jeannot at the crime scene, the Appellant *never* inculpated himself in the Calabrese killing.

After Det. McGinn described the sum and substance of Jeannot's confession, the County Court advised the jury that Jeannot's statement could not be considered as evidence against the Appellant. Rather than craft a remedy that would allow Det. McGinn to testify as to the Appellant's changed version of the facts of the Calabrese killing *without* the mention of Jeannot's confession, the Court allowed Det. McGinn to testify that a non-testifying co-defendant inculpated the Appellant.

Jeannot's confession was the most damning evidence against the Appellant, and wholly prejudiced the Appellant's right to a fair trial. The error was not harmless and the Defendant must be afforded a new trial.

The Sixth Amendment's Confrontation Clause provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." The United States Supreme Court has held that this bedrock procedural guarantee applies to both federal and state prosecutions. *Pointer v. Texas,* 380 U.S. 400 (1965). An unavailable witness's out-of-court statement may be admitted so long as it has adequate indicia of reliability--*i.e.,* falls within a "firmly rooted hearsay exception" or bears "particularized guarantees of trustworthiness." 448 U.S., at 66, 100 S.Ct. 2531. Where testimonial statements are at issue, the only indicia of reliability sufficient to satisfy constitutional demands is the one the Constitution actually prescribes: confrontation. Therefore, an out-of-court statement of a witness that is testimonial in nature is barred under the Confrontation Clause unless the witness is unavailable *and* the defendant had a prior opportunity to cross-examine the witness. *Crawford v. Washington,* 541 U.S. 36, 59 (2004).

The County Court determined that the prosecution was permitted to illicit Jeannot's confession from Det. McGinn to explain the effect on the detective, and not for the truth of the matter. The County Court cited *Tennessee v. Street* (471 U.S. 409 (1985)) in support of his position. T. 591.

The trial court erred in relying on *Tennessee v. Street.* In *Tennessee,* the United States Supreme Court determined that a defendant's right under the Confrontation Clause of the Sixth Amendment were not violated by the introduction of an accomplice's confession for *rebuttal* purposes. In *Tennessee,* the prosecution was permitted to question a sheriff about the accomplice's confession, *after* the defendant testified that he was coerced into confessing after he was read the accomplice's confession by the sheriff. The United States Supreme Court essentially stated that the defense opened the door to the sheriff testifying about the accomplice's confession.

Here, unlike *Tennessee* and its New York State progeny, the Appellant *never* testified (nor did defense counsel intimate) that his subsequent statement was coerced by Det. McGinn. Furthermore, unlike *Tennessee* and its New York State progeny, the Appellant's subsequent statement was not inculpatory; it was *not* a confession.

Jeannot's out-of-court statement, as recounted by Det. McGinn (who was not even present for Jeannot's "confession") was testimonial in nature, constitutes a *Crawford* violation, requires reversal, and the Appellant is entitled to a new trial.

Det. McGinn's testimony recounting the alleged confession of Jeannot also runs afoul of the United States Supreme Court's holding in *Bruton v. United States* ( 391 U.S. 123 (1968)). In *Bruton,* the Supreme Court held that the statement of a non-testifying co-defendant could not be admitted into evidence against a defendant. Additionally, the Supreme Court noted that a trial court's limiting instruction may not erase the prejudice of the co-defendant's statement. *Id.,* 391 U.S. at 132.

As the fundamental right embodied in the Confrontation Clause is the right to cross-examine one's adverse witness, it is nothing short of a denial of due process to rely on a jury's presumed ability to disregard a codefendant's confession implicating another defendant when the jury is determining the latter defendant's guilt or innocence. *See, Cruz v New York,* 481 US 186 (1987); *Bruton v United States,* 391 US 123 (1968). The fact that the Appellant's second written statement, arguably made in response to Det. McGinn telling the Appellant about Jeannot's confession, was later entered into evidence does not validate the erroneous introduction of Jeannot's confession. *People v. Ahmad,* 225 A.D.2d 629 (2nd Dep't, 1996).

An alleged violation of the Confrontation Clause, such as a *Crawford* or *Bruton* violation, is subject to a harmless error analysis. *People v. Hardy,* 4 N.Y.3d 192 (2005). Constitutional error requires reversal unless the error's impact was "harmless beyond a reasonable doubt." *Id.,* 4. N.Y.3d at 198; *Schneble v Florida,* 405 US 427, 430 (1972). The court's review of a constitutional error is based on the entire record, and involves a determination of the "probable impact of the codefendant's admission on the minds of an

average jury." *People v Hamlin,* 71 NY2d 750 (1988), citing *Harrington v California,* 395 US 250 (1969). Ultimately "however overwhelming may be the quantum and nature of other proof, the error is not harmless…if there is a reasonable possibility that the [error] might have contributed to the conviction." *People v Crimmins,* 36 NY2d 230, 240-241 (1975).

"When considering harmless error in a *Bruton* case, the court must determine on the basis of its own reading of the record the probable impact of the codefendant's admissions on the 'minds of an average jury' and whether they were sufficiently prejudicial to defendant to require reversal of the conviction and a new trial. *Harrington v. California,* 395 U.S. 250 (1969); *People v. Hamlin,* 71 N.Y.2d 750 (1988); *People v. Khan,* 200 A.D.2d 129 (2nd Dep't, 2004). Relevant considerations in this review include the comprehensiveness of Appellant's statement and the extent to which it explains the Appellant's participation in the crime without reference to the codefendant's statement; whether the statement is corroborated or contradicted by objective evidence; and, whether the Defendant has repeated or repudiated the substance of the statement on subsequent occasions. *People v. Eastman* 85 N.Y.2d 265 (1995); *Schneble v Florida,* 405 US 427 (1972); *Cruz v New York,* 481 US at 191-192, *People v Hamlin,* 71 NY2d, at 758.

The County Court's limiting instruction did not cure the taint of Jeannot's confession. The Appellant was granted a severance to *protect him* from the introduction of Jeannot's confession. The trial court's instruction to the jury negated the purpose of the severance, and unduly prejudiced the Appellant.

On April 28, 2009, the Appellate Division affirmed the Appellant's conviction, holding, "Contrary to the defendant's contentions, the court did not violate his right to confront a witness when it permitted a detective to testify that he told the defendant that a codefendant gave details about the killing. The court properly instructed the jury that the testimony was admitted for the limited purpose of explaining the detective's actions and their effect on the defendant, and not be for the truth of the codefendant's statement."

On behalf of my client, I ask this Honorable Court to grant leave to appeal this matter. No previous leave application was made to a Justice of the Appellate Division. I am not requesting oral argument. I have enclosed copies of the briefs in this matter, the Appellate Division's Order, and an Affirmation of Service of this letter on the Nassau County District Attorney's Office.

Respectfully,

*[signature]*
Kerry Sloane Bassett

cc:   Nassau County District Attorney's Office
      Mark Orlando