

**KATHLEEN M. RICE**
DISTRICT ATTORNEY

262 Old Country Road
Mineola, New York 11501
Telephone (516) 571-3800

OFFICE OF THE DISTRICT ATTORNEY
Nassau County

July 8, 2009

Hon. Jonathan Lippman
Chief Judge of the Court of Appeals
Court of Appeals Hall
20 Eagle Street
Albany, New York 12207-1095

Re:  People v. Mark Orlando
Application for leave to appeal from an order of the Appellate Division, Second Judicial Department, affirming a judgment of conviction.

Dear Judge Lippman:

  The People oppose defendant's application for leave to appeal to the Court of Appeals from an order of the Appellate Division, Second Department, dated April 28, 2009.[1] That order affirmed a judgment of the County Court, Nassau County, convicting defendant, after a jury trial, of murder in the second degree (Penal Law § 125.25[1]). In support of his application, defendant raises one claim. That claim is meritless and, in any event, does not warrant review by the Court of Appeals because it does not present any novel issue or unresolved statewide question of law.

  Defendant stands convicted of having murdered twenty-four-year-old Bobby Calabrese in an alley in Island Park, Nassau County, New York. Defendant had arranged to meet there with Calabrese, who was a runner for a gambling ring, regarding a $17,000 gambling debt that defendant owed Calabrese. Unbeknownst to Calabrese, defendant was accompanied to the meeting by his friend, co-defendant Herve Jeannot. Defendant and Jeannot planned to kill Calabrese so that defendant could avoid paying his $17,000 debt. Jeannot exited defendant's car before Calabrese arrived and hid outside the car.

---

[1] Contrary to defendant's assertion in his letter, his leave application is untimely and should be denied for that reason alone. The thirty-day period in which to seek leave to appeal from an order of an intermediate appellate court runs from the date of service of the order sought to be appealed from, not from when the order was received. See C.P.L. § 460.10(5)(a); C.P.L.R. § 2103; People v. Wooley, 40 N.Y.2d 699 (1976). As acknowledged by defendant, the People served defendant's counsel with a copy of the Appellate Division's order on May 8, 2009. Thus, defendant's instant application, dated June 10, 2009, is untimely.

Case 2:11-cv-03992-ERK   Document 8-28   Filed 01/17/12   Page 2 of 4 PageID #: 1749

Hon. Jonathan Lippman
July 8, 2009
Page 2

After Calabrese arrived, he and defendant each exited their respective cars, and defendant gave Calabrese the money. Defendant yanked Calabrese's sweatshirt up over his head so that Calabrese could not see Jeannot approaching behind him. At that time, Jeannot started moving toward Calabrese's back, facing defendant, and fired one shot at Calabrese's head. As Calabrese fell to the ground, Jeannot fired two more shots into his head. Defendant and Jeannot then drove away. As they drove over a bridge, defendant slowed the car down and Jeannot threw the bullets out of the car window. Then as they drove over another bridge, defendant stopped the car and Jeannot got out of the car and threw the revolver into the water. Calabrese was pronounced dead at the scene.

On appeal from his conviction, defendant claimed that his statements were obtained in violation of his right to counsel, that testimony by a detective regarding Jeannot's statements denied him his right to confront his accuser, that a surveillance videotape was improperly admitted into evidence, that the court erred in permitting the People to use a demonstrative exhibit, and later refusing to permit the jury to tamper with the exhibit during deliberations, that the People had committed a discovery violation, that the prosecutor had made improper summation comments, that the court had incorrectly charged the jury, and that trial counsel had been ineffective. A unanimous panel of the Appellate Division affirmed the judgment of conviction. See People v. Orlando, 61 A.D.3d 1001 (2d Dept. 2009).[2] Defendant now seeks permission to appeal from that order.

The sole issue defendant addresses in his application for leave to appeal to the Court of Appeals is the claim that testimony by a detective regarding statements made by Jeannot, denied him his right to confront his accuser. Defendant's claim does not merit review by the Court of Appeals.

Here, Detective McGinn testified that, when questioning defendant, he initially denied any involvement in the shooting of Calabrese. However, Detective McGinn further testified that defendant drastically changed his story after being told that he had been implicated in the murder by Jeannot. Specifically, McGinn told defendant that another detective was interviewing Jeannot, and that Jeannot was probably going to tell that detective the truth as to what had occurred on the night of Calabrese's murder. Subsequently, McGinn informed defendant that Jeannot had told the detectives the location of the murder weapon. Finally, McGinn told defendant that Jeannot had admitted to shooting Calabrese and had said that defendant paid him to do it. At that point, defendant said, "Okay, I will tell you the truth." Defendant then admitted that he had brought Jeannot with him to the meeting with Calabrese, had seen Jeannot shoot

---

[2] Jeannot was tried separately and convicted. Jeannot's conviction was reversed on appeal due to an error by his trial counsel, which denied him the effective assistance of counsel. The reversal did not, however, have anything to do with the evidence of Jeannot's guilt. See People v. Jeannot, 59 A.D.3d 737 (2d Dept. 2009).

Hon. Jonathan Lippman
July 8, 2009
Page 3

Calabrese, and had driven Jeannot away from the murder scene, at which point Jeannot disposed of the bullets, the revolver, and his clothing (McGinn: T603-04, 619-26).

As discussed fully in the People's brief (see Respondent's brief at 42-52), the evidence at issue was not impermissible hearsay and did not violate defendant's right to confront witnesses because the non-testifying witness's statements were offered for the nonhearsay purpose of demonstrating the circumstances that fostered defendant's second statement, which was vastly different from his first statement. See Tennessee v. Street, 471 U.S. 409 (1985); People v. Reynoso, 2 N.Y.3d 820, 821 (2004). Clearly, Detective McGinn's testimony regarding Jeannot's statements, was not only permissible, but necessary, in order to enable the jury to understand what had caused defendant to change his original blanket denial of any involvement in the murder.

Defendant contends that the principle set forth in Street is inapplicable here because no "rebuttal" evidence to prove the voluntariness of defendant's statement was necessary, and because defendant's statement was not a "confession." What defendant overlooks, however, is that regardless of whether defendant testified or argued during the trial that his statements were involuntary, the People nonetheless had the burden of establishing the voluntariness of the statements. See People v. Huntley, 15 N.Y.2d 72, 78 (1965); C.P.L. § 710.70(3). Moreover, evidence of a nontestifying witness's statement is not only admissible as "rebuttal" evidence to prove voluntariness of a defendant's statements, but is also admissible for any appropriate nonhearsay purpose, including demonstrating a detective's state of mind during an interview and how an investigation evolved. See People v. Reynoso, 2 N.Y.3d at 821. Defendant is also splitting hairs when he contends that Street is inapplicable because defendant's statement was not an outright "confession." Even though defendant did not admit in his second statement that he had paid Jeannot to kill Calabrese, he nonetheless admitted that he had been present for the murder and helped Jeannot dispose of evidence, facts which he had previously denied.

In any event, any possible prejudice arising from the testimony at issue was avoided by the court's thorough limiting instructions (one during the testimony of Detective McGinn, and another during the final jury charge), which amply informed the jury that Jeannot's alleged statements were not to be considered for their truth. See Street, 471 U.S. at 411-12. Finally, as is discussed in more detail in the People's brief (see Respondent's brief at 50-52), even if the introduction of the disputed testimony could somehow be viewed as error, any such error was harmless, given that there was overwhelming proof of defendant's guilt, having nothing to do with the testimony at issue. See People v. Crimmins, 36 N.Y.2d 230, 237-38 (1975).

Consequently, the Appellate Division correctly ruled that "the court did not violate [defendant's] right to confront a witness when it permitted a detective to testify that he told the defendant that a codefendant gave details about the killing. 'The court properly

Hon. Jonathan Lippman
July 8, 2009
Page 4

instructed the jury that the testimony was admitted for the limited purpose of explaining the detective's actions and their effect on the defendant, and not for the truth of the codefendant's statement.'" People v. Orlando, 61 A.D.3d at 1002 (quoting People v. Ewell, 12 A.D.3d 616, 617 [2d Dept. 2004]).

    For all of the aforementioned reasons, defendant's application for leave to appeal to the Court of Appeals should be denied.

Very truly yours,

Sarah Rabinowitz
Assistant District Attorney

cc:    Kerry Sloane Bassett, Esq.
       Counsel for Defendant
       Bassett & Bassett, P.C.
       320 Carleton Avenue
       Suite 4200
       Central Islip, New York 11722