

**Appellate Division
Supreme Court of the State of New York
Second Judicial Department
45 Monroe Place
Brooklyn, N.Y. 11201
(718) 875-1300**

A. GAIL PRUDENTI
PRESIDING JUSTICE

MATTHEW KIERNAN
CLERK OF THE COURT

MEL E. HARRIS
APRILANNE AGOSTINO
KAREN HOCHBERG TOMMER
DEPUTY CLERKS

MARIA FASULO
DARRELL JOSEPH
ASSOCIATE DEPUTY CLERKS

March 2, 2011

Mark Orlando
05-A-4730
Clinton C.F.
P.O. Box 2001
Dannemora, NY 12929

Re:  2005-08854
People v Orlando, Mark
Ind. 167/05 - Appeal from
J - 08/18/05 - County Nassau

Dear Sir/Madam:

We have received your motion for a writ of error coram nobis based on ineffective assistance of Appellate Counsel.

The application will be placed on the motion calendar for **05/13/11**.

Yours truly,

CLERK'S OFFICE

---

NOTICE TO:  Kathleen Rice w/papers  &  Bassett & Bassett w/papers

Dear Sir/Madam:

The above mentioned application will be placed on the motion calendar for **05/13/11**.

On or before that date, will you please be good enough to furnish the Motion Clerk with an affidavit expressing your views in this matter. **Please take notice that the return time has been increased to TEN weeks due to the regular need to request more time to respond.  Counsel should submit copies of any relevant correspondence with the defendant.**

Yours truly,

CLERK'S OFFICE

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION : SECOND DEPARTMENT

---

THE PEOPLE OF THE STATE OF NEW YORK,

*Respondent,*

-against-

MARK ORLANDO, #05-A-4730

*Defendant.*

---

STATE OF NEW YORK
COUNTY OF CLINTON

---

# ERROR CORAM NOBIS

---

# *January 24, 2011*

---

| | |
|---|---|
| Clerk of the Court | Mark Orlando, #05-A-4730 |
| Appellate Division, Second Judicial Department | Clinton Correctional Facility |
| 45 Monroe Place | P.O. Box 2001 |
| Brooklyn, New York 11201 | Dannemora, N.Y. 12929 |
| *Respondent* | *Defendant.* |

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK)
COUNTY OF CLINTON) s.s.:

I, Mark Orlando, being duly sworn, deposes and says, that I am the Defendant herein, and that on the date of notarization indicated below, I have placed in a sealed postpaid wrapper a true and exact copy of the enclosed papers identified as MOTION FOR WRIT OF ERROR CORAM NOBIS, with attached exhibit's; by depositing the same in a mail box located in Cell Block "B" at the Clinton Correctional Facility, for delivery to the United States Postal Service to be delivered to the Clerk of the Court, Appellate Division, Second Judicial Department, 45 Monroe Place, Brooklyn, New York 11201; and to the Nassau County District Attorney's Office, County Courthouse, 262 Old Country Road, Mineola, New York 11501.

                                                    **Mark Orlando # 05-A-4730**

Sworn to before me on this
24 day of January 2011.

_____
NOTARY PUBLIC
Harry D. Durgan
Notary Public, State of New York
No. 01DU6008379
Qualified in Clinton County
Commission Expires 6/20/14

```
SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION : SECOND DEPARTMENT
------------------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK,          AFFIDAVIT IN SUPPORT
                                              OF APPLICATION FOR
                          Respondent,         FEE REDUCTION
                                              WAIVER PURSUANT
          -against-                           N.Y. C.P.L.R. 1101(f)

MARK ORLANDO, #05-A-4730                      Ind. No. 167N-05

                          Defendant.
------------------------------------------------------------------X
STATE OF NEW YORK)
COUNTY OF CLINTON) s.s.:
```

I, Mark Orlando, being duly sworn, deposes and says the following:

1.) I am the Defendant in the above-entitled proceeding, and am currently being detained at the Clinton Correctional Facility in the Town of Dannemora, County of Clinton, State of New York.

2.) I submit this Affidavit in Support of my application for a Reduction of the Filing Fees Pursuant to C.P.L.R. 1101(f), and request that an attorney be appointed by this Court to represent my interests in this action.

3.) During the last year, I have been continuously incarcerated in the Clinton Correctional Facility.

4.) My sole source of income is a weekly incentive allowance of $7.50.

5.) I own the following valuable property (other than miscellaneous personal property):

**NONE**

6.) I request that I be required to pay no fee or a reduced fee for filing this action.

7.) No other person who is able to pay these costs, fees, and expenses has a beneficial interest in the results of this case.

8.)   The facts of my case are described in my motion and other papers filed within the jurisdiction of this Court.

9.)   I have made no prior request for the relief sought herein in this case.

**WHEREFORE,** Defendant respectfully requests that this Court grant the relief sought herein, that he be permitted to proceed with a reduced filing fee, and for any such other and further relief this Court may deem just, proper and equitable.

                                      **Mark Orlando # 05-A-4730**

Sworn to before me on this 24 day of January 2011.

_____
NOTARY PUBLIC

Harry D. Durgan
Notary Public, State of New York
No. 01DU6008379
Qualified in Clinton County
Commission Expires 6/20/14

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION : SECOND DEPARTMENT
------------------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK,   **NOTICE OF MOTION**
                                       **FOR WRIT OF ERROR**
                      Respondent,   **CORAM NOBIS**

-against-

MARK ORLANDO, #05-A-4730                Ind. No. <u>167N-05</u>

                      Defendant.
------------------------------------------------------------------X
STATE OF NEW YORK)
COUNTY OF CLINTON) s.s.:

**SIRS :**

    **NOTICE IS HEREBY GIVEN** that upon the annexed Affidavit of MARK ORLANDO, verified on the 24 day of January, 2011, this motion will be heard on the 21st day of February 2011, at 9:30 o'clock in the forenoon of that day, or as soon thereafter as can be heard, that the Undersigned shall apply to the Supreme Court of the State of New York, Appellate Division, Second Judicial Department, located at 45 Monroe Place, Brooklyn, New York 11201, for an Order for Issuance of a Writ of Error Coram Nobis and such other and further relief as this Court shall deem just, proper and equitable in such case.

    **FURTHER NOTICE IS HEREBY GIVEN** that in Support of the foregoing Notice of Motion, reliance shall be had upon the attached Affidavit annexed hereto, and all prior proceedings, had and filed herein, pursuant to Nassau County Indictment Number 167N-05, and shall be made a part thereof.

    **FURTHER NOTICE IS HEREBY GIVEN** that Pursuant to CPLR Article 22 Section 2214(b), as amended is hereby made that any and all Oppositions or otherwise

Answers shall be served and received at least seven ( 7 ) business days prior to the above requested return date or as affixed by this Court.

DATED: January 24, 2011
       Clinton County, N.Y. 12929

*Mark Orlando* (signature)

Mark Orlando, #05A4730
Clinton Correctional Facility
P.O. Box 2001
Dannemora, New York 12929

cc:  Nassau County District Attorney's Office
     County Courthouse, 262 Old Country Road
     Mineola, New York 11501

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION : SECOND DEPARTMENT
-----------------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK,

                               Respondent,

                 -against-

MARK ORLANDO, #05-A-4730

                               Defendant.
-----------------------------------------------------------------X

**AFFIDAVIT IN SUPPORT OF NOTICE OF MOTION FOR WRIT OF ERROR CORAM NOBIS**

Ind. No. **167N-05**

STATE OF NEW YORK)
COUNTY OF CLINTON) s.s.:

**SIRS :**

    I, Mark Orlando, the Defendant herein, being duly sworn on this 24 day of January 2011, respectfully alleges in Support of this Petition, the following:

    This proceeding is brought to challenge the validity; adequacy; and effectiveness of Appellate Counsel (Kerry Bassett of Bassett & Bassett, P.C.) who represented Defendant on Direct Appeal to this Court from a Judgment of Conviction, in that Appellant's Counsel's performance fell below the objective standard of representation when perfecting Defendant's Direct Appeal as the outcome would have been different but for the serious errors committed of Appellate Counsel, when Appellate Counsel failed to include many arguable points/issues that would have exonerated Defendant from the imposed indictment of conviction defendant is currently serving of from 25 years to life imprisonment.

    The Venue of this proceeding is based upon *People v. Bachert*, 69 N.Y.2d 593 (1987).

## **PROCEDURAL HISTORY**

Defendant Orlando on March 31, 2008 appealed the underlying Judgment of Conviction to the Appellate Division, Second Judicial Department. In a Memorandum Opinion, *People v. Orlando*, 878 N.Y.S.2d 185; 61 A.D.3d 1001 appellate counsel contended that the County Court permitted the prosecution to illicit testimony from a member of the Nassau County Police Department who testified that a nontestifying co-defendant had confessed to killing the victim because defendant paid him to do so; the County Court allowed the prosecution to use and manipulate a mannequin as demonstrative evidence; a videotape created by the Nassau County Police Department by using still photographs taken at a storage facility security camera system violating the Best Evidence Rule; allowing the prosecutor to hypothesized that the defendant placed a piece of paper over his license plate to obscure the view when their was no evidence to support that claim; and, the recovery of $17,000.00 that was recovered by Detective Kuhn during the Calabrese investigation that was never disclosed violating CPL 1 240.20.

In *People v. Orlando*, 878 N.Y.S.2d 185; 61 A.D.3d 1001, defendant being represented by Bassett & Bassett, P.C. (Kerry Bassett) sought leave to appeal to the New York Court of Appeals.

On October 29, 2009, that application was denied. *People v. Orlando*, 878 N.Y.S.2d 185; 61 A.D.3d 1001.

No previous application for the relief requested based on the issues herein has been made to this Court.

Defendant Orlando respectfully requests that, because the underlying factual basis for this petition was overlooked by Defendant's appellate counsel; and, because of the important nature of the underlying error by appellate counsel, Defendant seeks review of his claims herein on the merits.

Defendant's appellate counsel raised the following issues in the Appellate Division :

1.) PURSUANT TO *PEOPLE V. ROGERS*, THE APPELLANT'S RIGHT TO COUNSEL WAS VIOLATED, AND THE HEARING COURT SHOULD HAVE SUPRESSED THE APPELLANT'S ALLEGED STATEMENTS TO POLICE;

2.) REVERSAL IS REQUIRED BASED ON *BRUTON V. UNITIED STATES* AND *CRAWFORD V. WASHINGTON*;

3.) THE STORAGE FACILITY VIDEOTAPE SHOULD NOT HAVE BEEN ENTERED INTO EVIDENCE BECAUSE IT VIOLATED THE BEST EVIDENCE RULE;

4.) THE TRIAL COURT ERRED IN ALLOWING THE PROSECUTION TO USE A MANNEQUIN AS DEMONSTRATIVE EVIDENCE;

5.) THE PROSECUTOR'S SUMMATION WAS IMPROPER AND PREJUDICIAL;

6.) THE PROSECUTION'S FAILURE TO NOTIFY THE APPELLANT THAT NASSAU COUNTY POLICE RECOVERED $17,000.00 DURING THE COURSE OF THE INVESTIGATION CONSTITUTES A DISCOVERY VIOLATION;

7.) THE TRIAL COURT IMPROPERLY CHARGED THE JURY;

8.) THE APPELLANT WAS NOT AFFORDED MEANINGFUL REPRESENTATION BY TRIAL COUNSEL;

9.) THE COURT SHOULD REACH THE ISSUES ON THE MERITS.

**Wherefore,** the appellate brief in this case, submitted by appellate counsel, lacked the obvious and significant issues of the violations of Defendant's rights under the New York State Constitution, Article 1, § 6; and the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution.

In light of appellate counsel's ineffective assistance, Defendant Orlando would pray that this Court grant the Writ of error coram nobis and reverse the instant conviction, or in the alternative, grant a de nova appeal, and any other such further relief that this Court deems just and equitable.

## PRELIMINARY STATEMENT

Defendant Orlando was found guilty after jury trial of Murder in the Second degree. Subsequently thereafter on August 18, 2005, defendant was sentenced of from 25 years to life imprisonment.

Defendant is presently being detained at Clinton Correctional Facility in Clinton County Dannemora, New York.

Defendant was represented by Dennis Lemke, Esq., during the course of his trial and sentencing proceedings. Thereafter Bassett & Bassett, P.C. was retained to represent defendant in appealing his conviction.

At the time of trial and sentencing, The People of the State of New York ( Nassau County) are represented by Kathleen Rice, District Attorney of Nassau County.

Defendant also had a co-defendant. Co-defendant Herve Jeannot was tried separately after a joint suppression hearing was held. He was represented by William Aronwald, Esq., at the time of trial. On August 11, 2006, Herve Jeannot was convicted

of Murder in the First degree; Criminal Possession of a Weapon in the Second degree and was subsequently sentenced to life imprisonment. Mr. Jeannot was granted a reversal and retried on the 1st count of Murder in the First degree. After an unsuccessful trial, he again was found guilty. Mr. Jeannot committed suicide in the Nassau County Correctional Facility before being delivered to the Department of Correctional Services.

## THE APPELLATE BRIEF LACKED IMPORTANT ISSUES

Defendant retained Kerry Bassett of Bassett & Bassett, P.C. in the amount of $25,000.00 to represent his interests in absolving his criminal conviction of Murder in the Second degree § 125.25(1) that was entered against his person by the Nassau County Court on or about August 18, 2005 by appealing said conviction.

During the course of appellate counsel perfecting defendants appellate brief, the defendant tried to abet counsel in adding additional issues supporting defendant's argument as defendant was not satisfied with the rough draft. Defendant insists that he tried to advise counsel to submit more important issues that would reflect his innocence. Due to appellate counsel being averse, the following issues were never attached in defendant's appellate brief such as: a copy of the NYS Rap Sheet; copies of 511.1; and, 511.2 bench warrants as it would have shown that defendant did have retained counsel; multiple Brady violations committed by the Nassau County District Attorney's Office for the failure to turn over test results for GSR; DNA; Hair, Fiber and Serology from the evidence collected at my residence.

## **LEGAL ARGUMENT**

**THE DEFENDANT (MARK ORLANDO) WAS PREJUDICED WHEN APPELLATE COUNSEL (KERRY BASSETT) FAILED TO PERFORM TO THE LEVEL OF COMPETENCE REQUIRED TO HAVE RECEIVED EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL WHEN PERFECTING DEFENDANT'S APPELLATE BRIEF**

The defendant asserts that he was unfairly prejudiced by his appellate counsel when he was denied Effective Assistance of Appellate Counsel as attested in the above "THE APPELLATE BRIEF LACKED IMPORTANT ISSUES" and herein as addressed.

Defendant claims that if Appellate Counsel would have raised and attacked the issues during the course of perfecting defendant's appellate brief i.e., a copy of the NYS Rap Sheet; copies of 511.1; and, 511.2 bench warrants as it would have shown that defendant did have retained counsel; multiple Brady violations committed by the Nassau County District Attorney's Office for the failure to turn over test results for GSR; DNA; Hair, Fiber and Serology from the evidence collected at my residence, a much more favorable decision would have been granted. In Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, the Supreme Court established a two ( 2 ) prong test to prevail on a claim of Ineffective Assistance of Counsel. It must first be demonstrated that counsel's conduct was not reasonably competent, and that but for counsel's errors, there would have been a reasonable probability that the result of the proceeding would have been different.

Here, it is evident that but for the lack of effective assistance by appellate counsel, defendant was prejudiced by counsel. Under New York law, prejudice to a defendant is considered more generally, claims are evaluated under the circumstances to a particular case. In assessing "meaningful representation," People v. Baldi, 54 NY2d. 137, 444

NYS2d. 893, the New York Court of Appeals has not articulated an inflexible standard applicable to all cases, against which an attorney's effectiveness will be measured.

Therefore, due to the ineffective assistance of appellate counsel and the lack of presenting issues that would have supported defendant's claims of innocence, this matter should be immediately scheduled that defendant Orlando be granted a de nova appeal; or in the alternative issue an Order granting an evidentiary hearing to determine the facts of defendant Orlando's allegations, which are clearly supported by documentary evidence.

## CONCLUSION

Wherefore, defendant Orlando contends he has shown prejudice and the denial of effective assistance of appellate counsel for appellate counsel's having omitted these obvious and significant issues from the appellate brief, therefore, defendant prays this Court grant defendant's motion for writ of error coram nobis and reverse the instant conviction, or in the alternative Order that defendant Orlando be granted a de nova appeal; or in the alternative issue an Order granting an evidentiary hearing to determine the facts of defendant Orlando's allegations, which are clearly supported by documentary evidence.

DATED: January 24, 2011
Clinton County, N.Y. 12929

Mark Orlando, #05A4730
Clinton Correctional Facility
P.O. Box 2001
Dannemora, New York 12929

Sworn to before me on this
24 day of January 2011.

NOTARY PUBLIC
Harry D. Durgan
Notary Public, State of New York
No. 01DU6008379
Qualified in Clinton County
Commission Expires 6/20/14