| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | **NOT FOR PUBLICATION** |
| Mark Orlando, | |
| Petitioner, | |
| – against – | **MEMORANDUM & ORDER** |
| Nassau D.A. Office | 11-cv-3992 (ERK) |
| Respondent. | |

KORMAN, *J.*:

I assume familiarity with the relevant procedural history of this case. Specifically, on February 12, 2019, the Second Circuit reversed a judgment which had denied the petition for a writ of habeas corpus by Mark Orlando, and directed the issuance of "a writ of habeas corpus to Orlando on the sixtieth calendar day after the issuance of our mandate unless the District Attorney of Nassau County has, by that time, taken concrete and substantial steps to expeditiously retry Orlando." *Orlando v. Nassau Cty. Dist. Attorney's Office*, 915 F.3d 113, 130 (2d Cir. 2019).

On April 4, 2019, the Assistant District Attorney assigned to the case filed a letter outlining the steps taken to retry petitioner. That same day, I found that they constituted "concrete and substantial steps," as required by the Second Circuit. On November 13, 2019, petitioner's habeas counsel filed a motion for reconsideration pursuant to Rule 60(b) on the grounds that it had been nine months since the Court of Appeals issued its mandate, discovery was stalled, and a new trial date was not yet set. The Assistant District Attorney responded on November 19, 2019, and petitioner's counsel replied on December 2.

I deny petitioner's Rule 60(b) motion. The transcript of several proceedings before the New York Supreme Court Justice assigned to the case indicates that it is being treated by the judge and

1

the District Attorney as if the judgment of conviction had been vacated, and the case is being treated no differently than if the judgment of conviction had been reversed on direct appeal and a new trial ordered. Indeed, the defendant was represented throughout the proceedings in state court by newly assigned counsel. Under these circumstances, any complaints about the nature of the discovery and the pace of proceedings should be made to the New York Supreme Court Justice presiding over the case. There is no reason—nor does it seem appropriate—to interject myself in managing the pace of discovery or trial. Indeed, the boilerplate order that I issue when I grant a petition for a writ of habeas corpus simply provides that, "[r]espondent is directed to release petitioner from the custody resulting from the judgment of conviction . . . The custodial status of petitioner after the judgment here becomes final is to be determined by the New York courts in accordance with the rules applicable to the detention of those awaiting retrial after the conviction has been reversed on appeal. *Rodriguez v. Heath*, 138 F. Supp. 3d 237, 264 (E.D.N.Y. 2015), *aff'd*, 648 F. App'x 136 (2d Cir. 2016). Such an order was not issued in this case because of the procedural posture. Nevertheless, as indicated above, the proceedings in the state court are moving forward as if an order were issued.

## CONCLUSION

Petitioner's Rule 60(b) motion for reconsideration is denied.

SO ORDERED.

*DRAFT*

Brooklyn, New York
July 19, 2020

Edward R. Korman
United States District Judge

2